LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
10 Byron Place, #402
Larchmont, NY 10538
Tel.: 646-342-2019
robert@kraselnik.com
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――

MERRYL OSDOBY, on behalf of herself
and others similarly situated,

          Plaintiff,

            v.

HANDI-FOIL CORP.

          Defendant.

―――――――――――――――――――――――――

Case No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Merryl Osdoby, ("Plaintiff"), on behalf of herself and others similarly situated, hereby files this Complaint against Defendant Handi-foil Corp. ("Defendant" or "Handi-foil"), and states as follows:

**INTRODUCTION**

1.    To claim something as being made in the USA is a powerful statement that invokes patriotism, craftsmanship, quality and strength. Consumers are willing to pay a premium for products that are made in the USA.

2.    The central requirement for a product to be labeled and marketed as made in the USA is that "all or virtually all" of the components of the product are made and

sourced in the United States. "All or virtually all" means that all significant parts and processing that go into the product must be of U.S. origin. "In other words, where a product is labeled or otherwise advertised with an unqualified claim, it should contain only a de minimis, or negligible, amount of foreign content. That is, the product should contain no – or negligible – foreign content." *See, Federal Trade Commission, Complying with the Made in The USA Standard (December 1998), http://www.business.ftc.gov/documents/bus03-complying-made-usa-standard.; https://www.federalregister.gov/documents/2021/07/14/2021-14610/made-in-usa-labeling-rule.*

3.     With Handi-foil, the opposite is true, as virtually all of the material used in Handi-foil products is imported.

4.     Handi-foil, through its marketing and labeling, is fraudulently misrepresenting that all of its products are made in the USA, when in fact virtually all of the material used in Handi-foil products is imported from China, Turkey, Italy, Russia, Portugal, Germany, Belgium and Greece.

5.     Handi-foil sells aluminum foil pans, aluminum foil containers, aluminum foil roll, laminated board lids and plastic lids (the "Products") in national supermarket chains such as Stop & Shop and ShopRite, and in other major retail locations such as Walmart and Target.

6.     Handi-foil aggressively promotes the Products as made in the USA, although the Products are virtually all comprised of foreign-sourced material.

7.  As a result of Defendant's deceptive marketing and labeling, Plaintiff and the Class were fraudulently induced to purchase the Products and pay a premium for them.

8.     Plaintiff, on behalf of herself and other consumers that purchased the Products in New York State, seeks redress for the misrepresentations and deceptions appearing in Handi-foil's marketing and on Handi-foil's labeling.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

11.     Plaintiff is a resident of Nassau County.

12.     Defendant Hand-foil Corp. is a corporation organized under the laws of Illinois, with a principal place of business located at 135 East Hintz Road, Wheeling, IL 60090 and with the same address for service of process.

13.     Handi-foil is engaged in the processing, distributing, advertising, marketing and selling of the Products to hundreds of thousands of consumers nationwide, including New York.

## STATEMENT OF FACTS

14.     Plaintiff regularly purchased the Products from various supermarkets and retail stores throughout New York State, including but not limited to various Stop & Shop and Target locations in Queens County and Nassau County.

15.     Plaintiff purchased the Products in reliance on the prominent "MADE IN THE USA" label displayed alongside an American flag.  Plaintiff has since learned that the Products are made out of foreign-sourced aluminum and plastic.  She would not have paid a premium for the Products had she known that Defendant's claims regarding the source of the Products were false.

16. Defendant expressly labels its Products as "MADE IN THE USA" next to a large American flag, and "MADE IN" atop a large American flag:











6







17. Defendant's labeling would lead any reasonable consumer to believe that the Products are made in the USA.

18. Advancing the made in the USA narrative formed through the deceptive labeling is marketing that creates the overall impression that the Products are made in the USA. For example, Handi-foil promotes the Products in supermarkets utilizing display

cases that state 'MADE IN THE USA" in bold, capital lettering next to a large American flag:



.

19. A Google search of "Handi foil" produces the following top search result: "Thank you for supporting American made Handi-foil products!" -- which is language that comes directly from the Handi-foil website.



20. The Handi-foil website displays various Products, with their large American flags and prominent MADE IN THE USA claims:





21. Every page of the Handi-foil website displays the following language directly above an American flag: "Made in America. Our recyclable, American made products are manufactured in Wheeling, Illinois…."



22. The "About" section of the Handi-foil website states: "Our recyclable, American made products are manufactured at our three hi-tech facilities in Wheeling,

Naperville and Antioch, Illinois…" and "Thank you for supporting American made Handi-foil products."





23. Handi-foil sells its Products at higher prices than those of competitors who label and market properly. For example, a ten-pack of ChefElect Aluminum Half Size

Heavy Duty Steam pans, currently for sale in ShopRite next to Handi-foil pans, sells for $4.99 – or .50 cents per pan.



24. ChefElect pans are labeled "Made in China."



25. A 10 pack of similar sized Handi-foil Half Size Steam pans sells for $8.99:



26. Handi-foil is able to charge .39 cents more per pan -- a 78% premium -- because it represents itself as being made in the USA.  As the following sample Walmart customer reviews demonstrate, it is important to consumers to purchase Made in USA products:



## Made in the USA

Nice foil pans, they get the job done. I just had a nice family trip to Nags Head, NC. With social distancing and COVID, we didn't do the normal seafood buffet. Instead, we bought and steamed some crab legs and shrimp and bought some fried seafood from a local restaurant to do our own DIY buffet and it worked out great! In my pic, 3 clusters of snow crab legs and about 2 lbs of shrimp are in one of these pans. They worried really well. Best of all - Made in the USA!!
See less



## HEAVY DUTY !!

Handi-Foil Eco-Foil Cook'n Carry Roaster & Baker with Lid is an incredibly convenient way to bake !! Heavy duty material for even cooking throughout and a lid for storage or transport. 11 3/4" X 9 3/8" X 2 5/16 deep. Large enough to bake a picnic ham, roast a large chicken, Lasagna...the possibilities are endless !! Best of all.. MADE IN THE U.S.A. !! Comes with 2 roasters, 2 lids. See less



### No muss, no fuss product

I carry food out a lot so using foil pans is a no fuss way.
Nice deep pans great for a variety of foods. Sturdier
than many I've tried with lids that are high although I
wouldn't stack them due to them not being all that
solid. Made in the USA is another selling point for me.
Good for roasting and pasta dishes. Recommended
without reservations. See less



### Love these pans!

Im so glad I received these from the Spark program!
They are strong and sturdy for cooking and carrying. I
bbn love the lids as well to keep my food fresh. Im also
glad they are made in USA too!

https://www.walmart.com/reviews/product/16451271.  Handi-foil is exploiting

consumers' desires to buy genuinely made in the USA products.

    27. Consumers are particularly vulnerable to these deceptive and fraudulent

practices.  Consumers cannot be expected to possess knowledge of the true origin of a

product. Instead, consumers understandably rely upon a company's marketing and labeling, as they should.

28. Defendant misled and continues to mislead consumers about the source of the Products. The overall effect of the Handi-foil brand is to lead consumers to believe that the Products are made in America when in fact they are not, as virtually all the materials comprising the Products are imported.

29. Handi-foil is importing its cold rolled aluminum, aluminum strip, aluminum foil, laminated board lids and plastic lids from China, Turkey, Italy, Russia, Portugal, Germany, Belgium and Greece.

30. Despite this importation of raw material and finished product, Handi-foil brazenly claims that the Products are MADE IN THE USA in huge, capital letters with an American flag both on the Products and on the Handi-foil website.

31. Essentially, Handi-foil sells only aluminum products, some of which include plastic and paperboard. Aluminum, plastic and paperboard are exactly what Handi-foil imports.

32. Handi-foil's deceptive labeling and marketing is particularly egregious in that it involves products integral to the preparation and preservation of food.

33. Handi-foil's opportunistic labeling and marketing leaves the overwhelming impression that the Products are made in the USA. The law is designed to protect consumers from this type of false representation and predatory conduct.

## CLASS ACTION ALLEGATIONS

34. Plaintiff seeks relief in her individual capacity and as representative of all others who are similarly situated. Pursuant to Rules 23(a), 23(b)(2) and/or 23(b)(3) of the

Federal Rules of Civil Procedure, Plaintiff seeks certification of the following class (the "Class"):

> All persons who purchased the Products in New York State during the applicable limitations period primarily for personal, family, or household purposes, and not for resale.

35. Excluded from the Class are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which they have or have had a controlling interest. Also excluded from the Class is the judicial officer to whom this lawsuit is assigned.

36. Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

37. This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other members of the Class ("Class Members") are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Class Members. Thus, the Class is so numerous that individual joinder of all Class Members is impracticable.

38. Questions of law and fact arise from Defendant's conduct described herein. Such questions are common to all Class Members and predominate over any questions affecting only individual Class Members and include:

    a.  whether Defendant's claims that the Products are made in the USA are deceptive;

    b.  whether Defendant's deceptive labeling and marketing of the Products violates federal, state and/or common law;

    c.   whether Defendant engaged in labeling and marketing practices intended to deceive the public by leading consumers to believe that the Products are made in the USA;

    d.   whether members of the public were likely to be deceived by Defendant's labeling and marketing;

    e.   whether Defendant received a benefit from Plaintiff and Class Members;

    f.   whether it would be unjust for Defendant to retain such a benefit;

    g.   whether Defendant injured Plaintiff and Class Members and the appropriate measure of those damages;

    h.   whether punitive damages are appropriate; and

    i.   whether injunctive relief is appropriate and what specific injunctive relief should be ordered.

39. Plaintiff's claims are typical of those of the Class Members because Plaintiff and the other Class Members sustained damages arising out of the same wrongful conduct, as detailed herein. Plaintiff purchased the Products during the applicable statutory period and sustained similar injuries arising out of Defendant's conduct in violation of New York State and federal law. Defendant's unlawful, unfair and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. The injuries of the Class were caused directly by Defendant's wrongful misconduct. In addition, the factual underpinning of Defendant's misconduct is common to all Class Members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiff's claims

arise from the same practices and course of conduct that give rise to the claims of the Class Members and are based on the same legal theories.

40. Plaintiff will fairly and adequately represent and pursue the interests of the Class and has retained competent counsel experienced in prosecuting consumer fraud class actions.  Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.   Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class.   Plaintiff has retained highly competent and experienced class action attorneys to represent her interests and those of the Class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual Class Member are too small to make it economically feasible for an individual Class Member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

42. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to

act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

43. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all members of the Class, although certain Class Members are not parties to such actions.

45. Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
(DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)**

46. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

47. Plaintiff brings this claim individually and on behalf of the Class for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349.

48. The practices employed by Defendant, whereby Defendant labeled, advertised, promoted, and marketed its products as "Made in the USA," "Made in America," "American Made," etc. are deceptive and misleading and are in violation Gen. Bus. Law § 349.

49. The foregoing deceptive acts and practices were directed at consumers.

50. As a result of the repeated violations described herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

51. Plaintiff and the other Class Members suffered a loss as a result of Defendant's deceptive and unfair trade acts. Specifically, as a result of Defendant's deceptive and unfair trade acts and practices, Plaintiff and the other members of the Class suffered monetary losses associated with the purchase of the Products, *i.e.*, the purchase price of the product and/or the premium paid by Plaintiff and the Class for said products.

## COUNT II

**INJUNCTION FOR VIOLATIONS OF NEW YORK
GENERAL BUSINESS LAW § 349
(DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)**

52. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

53. Plaintiff brings this claim individually and on behalf of the other members of the Class for an injunction for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349 ("NY GBL").

54. NY GBL § 349 provides that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are unlawful.

55. Any person who has been injured by reason of any violation of the NY GBL may bring an action in her own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

56. The practices employed by Defendant, whereby Defendant labeled, advertised, promoted, and marketed the Products as being "Made in the USA," "Made in America," "American Made," etc. are unfair, deceptive, and misleading and are in violation of the NY GBL § 349.

57. Defendant should be enjoined from labeling, marketing, promoting and advertising the Products as being "Made in the USA," "Made in America," "American Made," etc. pursuant to NY GBL § 349.

58. Under all of the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

59. Plaintiff, on behalf of herself and all others similarly situated, respectfully demands a judgment enjoining Defendant's conduct, awarding costs of this proceeding

and attorneys' fees, as provided by NY GBL § 349, and such other relief as this Court deems just and proper.

<b><u>COUNT III</u></b>

<b>VIOLATION OF NEW YORK GEN. BUS. LAW § 350</b>

60. Plaintiff brings this Count individually and on behalf of the members of the Class against Defendant and repeats and re-alleges all previous paragraphs, as if fully included herein.

61. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way and which constitutes false advertising in violation of Section 350 of the New York General Business Law.

62. Defendant's false, misleading, and deceptive statements and representations of fact include, but are not limited to, the representations that the Products were "Made in the USA," "Made in America," "American Made," etc.  Defendant directed these representations to consumers through packaging, labels and other marketing and advertising.

63. Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that Handi-foil products were "Made in the USA," "Made in America," "American Made," etc. are likely to mislead a reasonable consumer acting reasonably under the circumstances.

64. Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that Handi-foil products were "Made in the USA," "Made in America," "American Made," etc. have resulted in consumer injury or harm to the public interest.

65. Plaintiff and the Class Members were injured because: (a) they would not have purchased the Products, or would not have purchased the Products on the same terms, had they known that the Products in fact were not made in the USA; (b) they paid a price premium for the Products based on Defendant's false and misleading statements; and (c) the Products did not have the characteristics and benefits promised because they were not made in the USA.

66. As a result, Plaintiff and the Class Members have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Products or, alternatively, the difference in value between the Products as advertised and the Products as actually sold.

67. As a result of Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the Products were "Made in the USA," "Made in America," "American Made," etc., Plaintiff and the Class Members have suffered and continue to suffer economic injury.

68. Plaintiff and the Class Members suffered an ascertainable loss caused by Defendant's misrepresentations because they paid more for the Products than they would have had they known the truth about the products.

69. On behalf of herself and other members of the Class, Plaintiff seeks to enjoin Defendant's unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of a Class of all others similarly situated, seeks a judgment against Defendant, as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's counsel as Class Counsel to represent members of the Class;

B.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.    For compensatory, statutory and punitive damages, as applicable, in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief;

G.    For injunctive relief as pleaded or as the Court may deem proper;

H.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses and costs incurred in bringing this lawsuit;

I.    Any other relief the Court may deem appropriate.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

27

Dated: July 18, 2022

Respectfully submitted,

By: /s/ Robert L. Kraselnik (RK 0684)

 LAW OFFICES OF
 ROBERT L. KRASELNIK, PLLC
 10 Byron Place, # 402
 Larchmont, NY 10538
 Tel: 646-342-2019
 Email: robert@kraselnik.com
 Attorney for Plaintiff and the Class