FILED
CLERK

May 7, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MERRYL OSDOBY, on behalf of herself
and others similarly situated,

               Plaintiff,

       -against-

HANDI-FOIL CORP.,

               Defendant.
-----------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

22-cv-4199 (NG) (JMW)

**A P P E A R A N C E S:**

Robert L. Kraselnik, Esq.
**Law Offices of Robert L. Kraselnik, PLLC**
261 Westchester Avenue
Tuckahoe, NY 10707
*Attorney for Plaintiff*

Michael Glick, Esq.
Gabrielle Belzil, Esq.
Megan McGlynn, Esq.
**Kirkland & Ellis LLP**
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

     Plaintiff Merryl Osdoby brought this case as a putative class action against Defendant

Handi-foil Corp. under New York General Business Law ("GBL") §§ 349, 350 seeking

monetary relief for allegedly misleading/deceptive business practices and false advertising.  (DE

23.)  The crux of Plaintiff's claims is that Defendant is allegedly mislabeling its aluminum foil

pans and containers as "Made in the USA."  (DE 23.)  Plaintiff's proposed class consists of: "All

persons who purchased the Products in New York State during the applicable limitations period primarily for personal, family, or household purposes, and not for resale."  (DE 23 at ¶ 34.)

On April 21, 2023, Defendant filed its Motion to Compel (DE 28), and on April 27, 2023, Plaintiff filed its opposition (DE 29).  Defendant seeks two forms of relief from the Court: (1) to deem Plaintiff's objections to a particular document request -- Request for Production No. 11 ("RFP No. 11") (DE 28-2 at 3) -- waived, and (2) to compel the production of documents responsive to the request.  The parties appeared for oral argument on May 3, 2023.

For the reasons that follow as well as for those stated on the record at the oral argument, Defendant's Motion to Compel is granted in part, and denied in part -- as already noted in the Court's Minute Order.  (*See* DE 30 ("The Court will issue a written decision that will follow this Minute Order").)

## I.      PROCEDURAL BACKGROUND

The Initial Complaint was filed on July 18, 2022 (DE 1) and the Amended Complaint was filed on January 17, 2023 (DE 23).  Defendant filed an Answer to the Amended Complaint on January 31, 2023.  (DE 26.)  An initial conference was held on December 12, 2022 and the Scheduling Order  (DE 16) was entered.  As relevant here, responses to discovery requests were due February 24, 2023 pursuant to the Scheduling Order (DE 16 at 3), but the parties consented to extend that deadline to March 31, 2023.  (DE 28 at 2.)  Defendant filed its responses on March 31, 2023 and Plaintiff filed her responses on April 4, 2023.  (DE 28 at 2.)  Aside from motion practice related to Defendant's Motion to Compel (DE 28), no other discovery disputes have been raised to the Court in this matter.

## II.   MOTION TO COMPEL LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").  To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses.  *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, Np. 13-CV-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017).  "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved

in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).  Proportionality goes "hand-in-hand" with relevance.  *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).  That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate.  *Id.*

It is beyond peradventure that "[m]otions to compel are left to the court's sound discretion."  *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

### III.   DISCUSSION

Defendant requests that Plaintiff's objections to RFP No. 11 be deemed waived, and Plaintiff be compelled to provide documents responsive to RFP No. 11.  (DE 28.)  Plaintiff resists both requests for relief.  (DE 29.)  The Court addresses each in turn below.

### A.   *Waiver of Objections for Responding Four Days Late*

Here, the parties agreed to March 31, 2023 as the deadline to respond to each other's discovery requests.  (DE 28 at 2.)  Defendant timely provided its responses on March 31, 2023.  Plaintiff provided her responses four days late on April 4, 2023.  (DE 28 at 2.)  For this sin, Defendant avers the price is the waiver of Plaintiff's objections, specifically, as to RFP No. 11.  (DE 28 at 2.)  RFP No. 11 takes center stage in the parties' current discovery dispute and is discussed more fully below. *See infra* § III. B.

4

Rule 33 provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure[.]" Fed. R. Civ P. 33 (b)(4). Rule 34 provides that a party must respond "within 30 days after being served" or a "shorter or longer time may be stipulated to . . . or ordered by the court." Fed R. Civ. P. 34(b)(2)(A); *see also* Fed R. Civ. P. 33(b)(2) (same). It is true that "'[a] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.'" *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (citing *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.,* No. 09-CV-4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *see also Labarbera v. Absolute Trucking, Inc.,* No. 08-CV-4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) (same); *Quartey v. Schiavone Constr. Co*., 11-CV-2037 (DLI) (CLP) (E.D.N.Y. Feb. 6, 2013) (same). But there are failures, and then there are failures. That is, not all "failures" are equal.

The decision to deem objections waived for an untimely response falls squarely within the broad discretion afforded to the Court over discovery matters, as does the decision to excuse that failure for good cause. *See Gesualdi v. Interstate Payroll Co., Inc*., No. 14-CV-6780, 2016 WL 737909, at *2 (E.D.N.Y. Feb. 22, 2016) ("[T]he Court may, in its discretion, excuse [a party's] delay" in serving timely responses to discovery demands." (quoting *Melendez v. Greiner*, No. 01-CV-7888 (SA) (DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)); *see also Davis v. City of New York*, No. 86-CV-6345 (SWK), 1988 WL 42189, at *2 (S.D.N.Y. Apr.28, 1988) ("[T]he protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion.").

Defendant's counsel states that Plaintiff served her responses to Defendant's RFP No. 11 four days late and only after Defendant prompted Plaintiff's counsel. (DE 28 at 2.) Plaintiff's

counsel states that he believed the parties would exchange discovery after the parties finished

sorting out the search term parameters governing discovery.  (DE 29 at 1-2.)  Defendant finds

this explanation implausible because the search term discussions related to only electronic

discovery to be produced by Defendant, not vice-versa.  (DE 28 at 2.)  Defendant also notes that

Plaintiff is a repeat offender, having been late with other deadlines agreed to by the parties.  (DE

28 at 2 n.1 (6 days late Rule 26(a)(1) disclosures and one day late service of discovery requests).)

Plaintiff's counsel pleads *mea culpa*.  To Plaintiff's counsel, it seemed reasonable and

expected that even if the search terms only applied to Defendant's discovery production, that the

parties would concurrently exchange responses.  (DE 29 at 2.)   With the benefit of hindsight,

Plaintiff's counsel candidly acknowledges that he should have confirmed his understanding with

Defendant's counsel.  Plaintiff's counsel further submits his explanation is not a post hoc

justification as Defendant labels it.  (DE 29 at 2.)  Additionally, Plaintiff's counsel alleges that

Defendant's counsel has also been tardy as to some of the agreed upon deadlines -- an assertion

Defendant vehemently denies.

Under the circumstances, the Court finds that a waiver of objections would be a

draconian sanction.  Here, the delay was minimal as the response was only four days late and

Plaintiff advances an innocuous reason for the delay -- a genuine misunderstanding.  *Cf. Gov't

Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-CV-2893 (GRB) (JMW), at *1 (E.D.N.Y.

Feb. 10, 2023), DE 24 (Memorandum and Order) (deeming objections waived due to, *inter alia*,

a close to three-month delay in providing responses).  There is no precise way to tell if Plaintiff

is simply conjuring up a post-hac justification.  But Plaintiff's counsel made a representation to

the Court in his letter (DE 29) and on the record at Oral Argument, that the delay was a result of

counsel's honest misunderstanding.  The Court has taken these representations into

consideration.  Additionally, no other discovery disputes have been raised to the Court to date. And this is not a case of repeated late objections.

Defendant's cited cases do not command a different result.  *Senat* involved the defendants *continuing* failure to provide discovery responses after many months, and thus, the court deemed objections waived and ordered the outstanding discovery responses by a certain date*.  See Senat v. City of New York*, 255 F.R.D. 338, 340 (E.D.N.Y. 2009) (responses were due Nov. 2008 and the motion was decided Feb. 2009).  Similarly, *DeNicola* involved the defendants *continuing* failure to provide discovery responses after many months, and thus, the court deemed objections waived and ordered the outstanding discovery responses to be made by a certain date. *See DeNicola v. Frontline Asset Strategies*, 279 F.R.D. 214, 214-15 (E.D.N.Y. 2012) (responses were due late 2011 and the motion was decided Feb. 2012).

Accordingly, Defendant's request that Plaintiff's objections to RFP No. 11 be deemed waived is denied as noted in the Court's Minute Order (DE 30).  However, Plaintiff's counsel is advised that the belated treatment of any further deadlines in this case, either those set by the Court, or those mutually agreed between counsel, could very well lead to the Court's consideration of the appropriate sanctions.

**B.** ***Objections to the Production of Documents Responsive to RFP No. 11.***

The Court next turns to the substance of Plaintiff's objections to the production of documents responsive to RFP No. 11.  Specifically, production of Plaintiff' Amazon order history from July 2019 to when she filed the Initial Complaint in  July 2022.

To set the stage, the request for production at issue, RFP No. 11, in its original form sought: "Documents (including, but not limited to, ordering histories) sufficient to show all products you purchased online (including, but not limited to, at retailers such as Amazon.com)

7

since July 18, 2019." (DE 28-2 at 3.) After the parties met and conferred, Defendant agreed to narrow this request to seek only Plaintiff's Amazon order history for the period starting three years before she initiated this case. (DE 28 at 2.) Plaintiff's original objection to RFP No. 11 was as follows: "Plaintiff objects to this request because it is overbroad, unduly burdensome and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. In light of her general and specific objections, Plaintiff does not intend to produce documents in response to this request." (DE 28-2 at 3.)

Despite Defendant's agreement to narrow the request to Plaintiff's Amazon order history for the three years preceding the Initial Complaint, Plaintiff maintains her objections and refuses to search for or produce the responsive documents. (DE 28-2 at 3.) Defendant argues that the requested discovery is relevant, and there is no undue burden nor are there any serious confidentiality concerns. (DE 24 at 3.) Plaintiff retrieves a whole host of objections from the Rule 26 quiver including relevance, proportionality, overdue burden, harassment, and invasion of privacy. (DE 29.)

First, Defendant argues that Plaintiff's Amazon order history is relevant because it was put into issue by Plaintiff herself when she stated in her Amended Complaint and interrogatory responses that "when given the opportunity" she prefers to buy products made in America and is willing to pay more money for those products. (DE 28 at 2.) Defendant states it is allowed to test the veracity of these assertions, and that this discovery is relevant to, *inter alia*, whether Plaintiff would be an adequate class representative based on her credibility. (*Id.*) Defendant reasons that Plaintiff's order history on a broad selection retail site like Amazon would either substantiate or undermine her assertions. (*Id.*)

Plaintiff retorts that Plaintiff's order history is not important to resolving the substantive issues at stake in the action -- specifically whether Defendant was and or is still deceptively marketing and labeling its products as Made in USA despite the fact that the already-processed aluminum used in those products is imported.  (DE 29 at 3.)  Plaintiff also argues that producing this order history would lead to further wasteful litigation about each purchase and if other American-made options existed.  (*Id*.)  Plaintiff adds that since Plaintiff makes a lion share of her purchases in-store, this discovery would not prove what Defendant seeks to prove.  (*Id*.)  Plaintiff maintains the discovery is "at best tangentially relevant" but not proportional to the needs of the case.  (*Id*.)

Second, Defendant quips that there is no undue burden because anyone can retrieve their Amazon order history grouped by year in mere minutes and print it "for the relevant years in less time than it will take to respond to this letter brief."  (DE 29 at 3.)  Plaintiff responds that the request is overly broad, unduly burdensome, and disproportional because it casts a wide net of three years even though the information is not relevant to the core issues in this case.  (DE 29 at 3.)

Third, Defendant argues that there are no confidentiality concerns given the Protective Order (DE 25) entered by the Court and that Defendant does not oppose any redactions for personally identifiable information.  (DE 28 at 3.)  Further, Defendant argues that to the extent Plaintiff would even be normally entitled to protect her order history from discovery, she forfeited her right to do so by putting her purchases at issue.  (DE 28 at 3.)

Plaintiff strongly disagrees and raises harassment and privacy concerns.  (DE 29 at 3.)  Plaintiff categorizes this type of request as harassing because it would invade Plaintiff's privacy since it would involve revealing products not related to the case.  (DE 29 at 3.)  Plaintiff then

deploys a parade of horribles argument -- stating that this type of request can chill consumers from making valid claims because they may not want to make their order history public. (*Id*.)

The Court finds that Defendant has made a sufficient showing that the discovery sought it is, at least, minimally relevant and certainly proportional. Plaintiff asserts in the Amended Complaint and in responses to interrogatories that she has a preference for American-made products and that consumers are willing to pay a premium for them. Take for instance the headlining paragraph of her Amended Complaint, which states: "To claim something as being made in the USA is a powerful statement that invokes patriotism, craftsmanship, quality and strength. Consumers are willing to pay a premium for products that are made in the USA." (DE 23 at ¶ 1.) Plaintiff also states in one of her interrogatory responses:

> The purpose of all of Plaintiff's purchases of Handi-Foil Products was that she required aluminum products to cook and store food, and she chose the products with a large American flag and the words "MADE IN THE USA" prominently displayed on them. This is because, when given the opportunity, she prefers to buy American-made products to support the American economy and because she believes American-made products of higher quality.

(DE 28-1 at 3.)

Despite these assertions, at oral argument Plaintiff repeatedly questioned the relevance of Plaintiff's Amazon order history. The Court then posited, considering the alleged lack of relevance of Plaintiff's purchase preferences, whether Plaintiff would amend the operative complaint to remove any references to Plaintiff's preference for American-made products, and further stipulate not to re-inject those assertions into the case at a later stage. Plaintiff's counsel waffled, and then declined to make such a commitment. Indeed, Plaintiff's counsel's statements during the oral argument that the consumers' preference for buying American-made products is "what this case is about", and that the proposed class members include those that harbor that preference.

10

Plaintiff, of course, has the license to frame her case however she sees fit.  However, Plaintiff cannot then use the preference for purchasing American-made products as both a shield and a sword.  It is undisputed that Plaintiff has made unambiguous assertions regarding that preference, thereby inserting it into this litigation.  It is also clear that this preference will continue to play a role in this litigation.  As such, as a matter of fairness, Defendant is entitled test the veracity of those assertions, which may be relevant to Plaintiff's eventual candidacy as a class representative.  *See Weigmann v. Glorious Food, Inc.*, 169 F.R.D. 280, 287 (S.D.N.Y. 1996) ("A potential representative's honesty is a factor to be weighed in determining whether a named plaintiff will be an adequate representative of the class."); *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 41 (E.D.N.Y. 2008) ("Where the court finds the class representative is not credible, adequacy of representation is absent.").

Plaintiff's related objection, on principle, that she should not have to turn over her order history is duly noted.  But as a legal matter, that sentiment is insufficient to withstand a motion to compel otherwise relevant discovery.  Plaintiff voluntarily pursued this putative class action, presumably, to right a wrong she felt has been committed -- as is her right.  However, Plaintiff has brought the instant case on the behalf of a wide-ranging putative class of individuals, and specifically put the preference for purchasing American-made products at issue on more than just one occasion.  Thus, despite her qualms about turning over the subject discovery, it should hardly come as a bombshell.

As to Plaintiff's remaining objections, they are unpersuasive and similarly insufficient to bar the production of otherwise relevant discovery.  First, Defendant's request is no longer overbroad.  Defendant narrowed their concededly broad earlier request, after a good faith meet and confer with Plaintiff's counsel, to just three years preceding the complaint *and* only to

11

Amazon order history.  And that was confirmed at oral argument, that other on-line order history was not being sought.  Second, given the ease with which an individual's Amazon order history can be obtained, the burden and cost of producing this discovery is nominal.  Indeed, Plaintiff does not contest this point.

Third, the Protective Order (DE 25) entered by the Court and the guardrails provided for production of the order history sufficiently limit any concerns related to privacy or as to Defendant's allegedly nefarious intentions.  Plaintiff argues that this type of discovery would chill other consumers with valid claims that do not want their order history to be made public. (DE 29.)  However, Defendant has agreed to receive this history under the shelter of the Protective Order, as well as with redactions for highly sensitive information.  Thus, the entire order history would not become public, and is unlikely to deter future consumers in the somewhat alarmist fashion Plaintiff alleges or to place Plaintiff in an embarrassing or peculiar position.

Accordingly, this branch of Defendant's Motion to Compel is granted as set forth in the Court's Minute Order.  (DE 30.)[1]

---

[1]  At the conclusion of oral argument and ruling, Defendant's counsel noted that Plaintiff's opposition to the instant motion (DE 29) contravenes the undersigned's individual rules since it appears to be written in a font smaller than 12-point font (*see* Individual Practice Rule 2.C.2.).  Defendant stresses that, as a matter of fairness, all counsel should play by the same rules.  The undersigned agrees that the font size appears to be something short of 12-point font.  As such, counsel is cautioned to adhere to the individual rules of both the undersigned and the District Judge.  Furthermore, counsel are strongly encouraged to meet and confer in the future to work out such disputes before raising them with the Court at the tail end of oral argument.

## **CONCLUSION**

For the reasons stated on the record and set forth herein, Defendant's Motion to Compel (DE 28) is hereby denied as to its request for waiver of objections and granted as to its request to compel production of documents responsive to RFP No. 11.

On or before May 17, 2023, Plaintiff shall produce the responsive Amazon order history for the three-year period preceding the filing of the Initial Complaint.  As agreed by the parties, this production is covered by the Protective Order (DE 25) previously issued in this case. Plaintiff may redact any highly sensitive (*e.g.*, embarrassing or highly personal) information but must produce a log of such redactions that sufficiently describes the nature of the redacted information.


Dated: Central Islip, New York
       May 7, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge