UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MERRYL OSDOBY, on behalf of herself
and others similarly situated,

                Plaintiff,

       -against-

HANDI-FOIL CORP.,

                Defendant.
-----------------------------------------------------------------------X

FILED
CLERK
June 2, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
22-cv-4199 (NG) (JMW)

**A P P E A R A N C E S:**

Robert L. Kraselnik, Esq.
**Law Offices of Robert L. Kraselnik, PLLC**
261 Westchester Avenue
Tuckahoe, NY 10707
*Attorney for Plaintiff*

Michael Glick, Esq.
Gabrielle Belzil, Esq.
Megan McGlynn, Esq.
**Kirkland & Ellis LLP**
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Merryl Osdoby brought this case as a putative class action against Defendant Handi-foil Corp. under New York General Business Law ("GBL") §§ 349, 350 seeking monetary relief for allegedly misleading/deceptive business practices and false advertising.  (DE 23.)  The crux of Plaintiff's claims is that Defendant is allegedly mislabeling its aluminum foil pans and containers as "Made in the USA."  (DE 23.)  Plaintiff's proposed class consists of: "All persons who purchased the Products in New York State during the applicable limitations period primarily for personal, family, or household purposes, and not for resale."  (DE 23 at ¶ 34.)

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. (*See* DE 30.)[1] Before the Court now is Defendant's motion to compel all documents Plaintiff may have sent "to other manufacturers, marketers, advertisers, and/or retailers regarding their 'Made in America,' 'Made in the USA,' or similar claims or the use of the American flag in labeling and/or advertising" which is set forth ins Defendants' Request for Production No. 31 ("RFP No. 31"). (DE 34.) Plaintiff opposes the motion. (DE 35.)

For the reasons stated herein, Defendant's motion to compel (DE 34) is hereby denied with leave to renew following Plaintiff's deposition.

### I. MOTION TO COMPEL LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16,

---

[1] On May 3, 2023, the parties appeared for oral argument on Defendant's first motion to compel (DE 34) and that motion was granted in part and denied in part. (DE 30.)

2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, Np. 13-CV-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate. *Id.*

It is beyond peradventure that "[m]otions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

## II. DISCUSSION

Defendant requests all communications Plaintiff has sent, or those sent on her behalf, "to other manufacturers, marketers, advertisers, and/or retailers regarding their 'Made in America,' 'Made in the USA,' or similar claims or the use of the American flag in labeling and/or advertising. If no such Communications have been sent, please state 'None.'" (DE 34 at 1.) Defendant requests that the Court compel the documents or otherwise represent that no such communications exist—before her upcoming deposition scheduled for June 7, 2023. (DE 34.)

Plaintiff admits to having had what she characterizes as confidential settlement communications but only *after* filing the complaint. (DE 35.) Therefore, Plaintiff objects not only on confidentiality grounds but also on relevance grounds. (DE 35.) Plaintiff has instead offered to affirm that there have been no communications by her or on her behalf regarding "Made in the USA" *prior* to the filing of the complaint on July 18, 2022. (DE 35.)

As previously noted in the Court's May 7, 2023, given the confidentiality order in place, Plaintiff's confidentiality concerns do not suffice to resist otherwise relevant discovery. (*See* DE 31.) However, Defendant's relevance argument is thin given Plaintiff's offer to affirm that no pre-complaint communications exist. First, Defendant argues relevance because these communications are allegedly relevant to whether Plaintiff was actually deceived by Defendant's marketing or was seeking out "Made in the USA" advertisers generally to make misrepresentation claims. (DE 34.) The latter would supposedly go toward Plaintiff's credibility and honesty. (DE 34.) However, an affidavit stating no such communications existed prior to filing of the complaint would suffice to that end, and Plaintiff's post-complaint communications have no relevance to whether she was deceived by Defendant's marketing at the time of purchase.

4

Second, Defendant argues that Plaintiff's habit of seeking out similar claims is relevant to her credibility and honesty, and thus, her adequacy as a class representative.  (DE 34.)  However, Plaintiff's counsel has already explained that this is the only case Plaintiff has filed and Defendant has not offered any non-speculative basis to assume that the post-complaint communications it seeks are relevant to Plaintiff's adequacy as a class representative.

 The cases cited by Defendant do not compel a contrary conclusion.  *See Johansen v. Bluegreen Vacations Unlimited, Inc.*, No. 20-CV-81076, 2021 WL 4973593, at *1 (S.D. Fla. Sept. 30, 2021) (noting "extensive *history* with filing lawsuits" and declining to certify the class given the lack of adequacy and typicality (emphasis added)), *aff'd*, 2022 WL 17087039 (11th Cir. Nov. 21, 2022); *Garcia De Leon v. New York Univ.*, No. 21-CV-05005 (CM), 2022 WL 2237452, at *15 (S.D.N.Y. June 22, 2022) (concluding plaintiff is not an adequate class representative because, *inter alia*, she did not have a "firm grasp on her own case", did not know who her lawyers were, and had "little knowledge of the class action [such] that [she] would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys."); *In re JPMorgan Chase & Co. S'holder Derivative Litig.,* No. 08-CIV-974 (DLC), 2008 WL 4298588, at *9 (S.D.N.Y. Sept. 19, 2008) ("Garber is a professional plaintiff whose services are at the beck and call of his friend and fellow attorney Yates. Yates monitors Garber's investments and decides when Garber will serve as a plaintiff in derivative litigation.").

If following Plaintiff's June 7, 2023 deposition, it becomes apparent that communications responsive to RFP No. 31 are relevant to the parties' claims or defenses, then the parties are to meet and confer regarding their respective positions.  If the parties cannot come to agreement, then Defendant may renew their motion to compel at the status conference currently set for June

5

23, 2023, at 9:30 AM before the undersigned via the Court's via Zoom.   Absent a deposition of Plaintiff, qui sait?

## **CONCLUSION**

Defendant's Motion to Compel (DE 34) is denied with leave to renew following Plaintiff's deposition.  Further, Plaintiff is directed to provide Defendant with a sworn affidavit verifying that no communications responsive to RFP No. 31 existed prior to the filing of the July 18, 2022 complaint.

Dated: Central Islip, New York
       June 2, 2023

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge