UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MERYL OSDOBY, *on behalf of herself
and others similarly situated*,

                              *Plaintiff*,

           v.

HANDI-FOIL CORP.,

                            *Defendant*.
------------------------------------------------------------X

                          **ORDER**
                       22-cv-4199 (NG) (JMW)

**A P P E A R A N C E S:**

Robert L. Kraselnik, Esq.
**Law Offices of Robert L. Kraselnik, PLLC**
261 Westchester Avenue
Tuckahoe, NY 10707
*Attorney for Plaintiff*

Michael Glick, Esq.
Gabrielle Belzil, Esq.
Megan McGlynn, Esq.
**Kirkland & Ellis LLP**
1301 Pennsylvania Ave., N.W.
Washington, DC 20004
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Merryl Osdoby ("Plaintiff") brought this case as a putative class action against Defendant Handi-Foil Corp. ("Defendant" or "Handi-Foil") under New York General Business Law ("GBL") §§ 349, 350 seeking monetary relief for allegedly misleading and/or deceptive business practices and false advertising. (ECF No. 23.) The crux of Plaintiff's claims is that Defendant is allegedly mislabeling its aluminum foil pans and containers as "Made in the USA." (*Id.*) Plaintiff's proposed class consists of: "All persons who purchased the Products in New York

1

State during the applicable limitations period primarily for personal, family, or household purposes, and not for resale." (ECF No. 23 at ¶ 34.) The latest application before the Court is Defendant's Motion to Compel Production of Redacted Materials (ECF No. 50), which is opposed by Plaintiff.  *See* Plaintiff's Response in Opposition (ECF No. 51). For the reasons stated herein, Defendant's Motion to Compel is denied.

## BACKGROUND

Plaintiff and her attorney, Robert L. Kraselnik, initiated the instant putative class action in July of 2022, asserting that Handi-Foil is deceptively marketing its retail pans and containers as "Made in the USA." (ECF No. 1.) Mr. Kraselnik has conceded that he brought a case on behalf of a different plaintiff against Handi-Foil in January of 2019, asserting the exact same allegations. (ECF No. 50.)[1] As Mr. Kraselnik has "repeatedly stated that he was acting on behalf of a different client," in 2019 than in the instant case, Handi-Foil requested Mr. Kraselnik provide the identity of that former client "to confirm that assertion." (ECF No. 50.)

In a joint status letter, dated October 12, 2023 (ECF No. 47), Handi-Foil informed the Court that it "intended to seek guidance at the upcoming conference regarding resolution of an outstanding dispute related to Plaintiff's counsel's outreach to Handi-Foil regarding potential claims in January 2019, which Handi-Foil believes is relevant to its statute-of-limitations defense in this case (which was filed in July 2022)." (ECF No. 47.) The letter further specified that Mr. Kraselnik "has maintained that he had a different client (*i.e.*, not Ms. Osdoby) when he raised potential claims against Handi-Foil in January 2019," but that he had "not produced any documentary or other evidence supporting that assertion." (*Id*. at 4.) When Handi-Foil requested

---

[1] Mr. Kraselnik clarifies in December 2018, his firm "sent a demand letter to Handi-Foil on behalf of a different client, a letter which, as Handi-Foil characterizes it, 'threatened Handi-Foil with the same exact allegations' as those of the current matter," that is – for "deceptive marketing and labeling." (ECF No. 50.)

2

Plaintiff "produce certain documents sufficient to confirm counsel's former representation and resolve this issue," in September of 2023, Mr. Kraselnik "declined on grounds that he was under no obligation to provide the identity of a former client not a party to the pending litigation." (*Id*. at 4-5.)

Following a Status Conference on October 17, 2023, this Court ordered Mr. Kraselnik to "produce all documents and prior communications related to [his] outreach to Defendant regarding potential claims in January 2019" and specified that "[c]lient identification shall be redacted." (ECF No. 48.) The Court permitted Handi-Foil to renew its application for client identification in the event it established need. (*Id*.) On October 26, 2023, Mr. Kraselnik produced three documents: a retainer agreement dated December 4, 2018, with the name of the client redacted (the "Retainer Agreement"), and two letters to Handi-Foil dated December 28, 2018 and January 31, 2019. (ECF No. 50 at 1.)

In response, Defendant filed the instant Motion on November 9, 2023, requesting an on order compelling the production of an unredacted version of the Retainer Agreement, which Defendant notes is "identical to Mr. Kraselnik's retention agreement with Ms. Osdoby in all material respects." (*Id*.) Defendant seeks the unredacted version of the Retainer Agreement revealing the identity of Mr. Kraselnik's former client because it claims the identity of the unnamed client is relevant to its statute of limitations defense. (*Id*. at 2.) Specifically, Defendant argues: (i) "whether Ms. Osdoby was the former client bears on whether her claims are timely under NY GBL §§ 349 and 350, both of which feature a three-year statute of limitations[;]" and (ii) even if the client is *not* Ms. Osdoby, the unnamed client could be a current or "potential class member," that "will have the ability to recover from any judgment against Handi-Foil." (*Id*.)

3

Defendants further argue it is well settled that a client's identity is not protected by attorney-client privilege. (*Id*. at 3.)

In his Opposition, Mr. Kraselnik clarifies that "[w]ith respect to Handi-Foil's concerns that that the prior claimant will recover in this lawsuit, we will confirm that this claimant, due to valid statute of limitations concerns, will not be part of the class." (ECF No. 51.) He states that he does not want to provide the identity of his former client "because it would be detrimental to [the former client] to be subjected to a subpoena or deposition in a litigation in which they have no involvement." (*Id*. at 2.) Mr. Kraselnik claims he offered in good faith to provide Defendant with the name of this individual, but Handi-Foil "refused to assure that it would not issue a subpoena or seek this individual's deposition," and therefore Mr. Kraselnik does "not want to burden a former client with the threat of a subpoena or deposition in a case where [he] did not move forward with them as a named plaintiff." (*Id*.) He further argues that beyond attorney-client privilege, a client's identity is confidential information. (*Id*. at 3.)[2]

## DISCUSSION

"Motions to compel are left to the court's sound discretion." *E.g.*, *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court."). The permissible scope of the discovery is clear:

---

[2] Mr. Kraselnik relies on the New York State Bar Association's Committee on Professional Ethics Opinion 1088 (2016), which addresses whether an attorney can disclose the names of clients the attorney had represented. That Opinion concludes that "clients' names will be confidential information if the clients have requested keeping their names confidential." (*Id*.); N.Y. State 1088 ¶ 6 (2016). Mr. Kraselnik represents to the court that his former client "has requested that [he] not reveal their identity if they are to be deposed or subpoenaed." (*Id*.)

4

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460(RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York,* 284 F.R.D. 132, 135 (S.D.N.Y 2012) (internal quotation marks omitted).

Here, Defendant has not met its initial burden in showing how Mr. Kraselnik's former client's identity is relevant to its defenses in this case. In the case of claims brought under New York General Business Law §§ 349, 350, the statute of limitations is three years from the date of accrual, "which occurs *when plaintiff is injured by the deceptive act or practice that violated the statute*," and "is not dependent upon any date when discovery of the alleged deceptive practice is said to occur." *Statler v. Dell, Inc.*, 841 F.Supp.2d 642, 648 (E.D.N.Y. 2012) (emphasis added) (citations omitted); *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 359 (E.D.N.Y. 2022) (internal citations omitted) ("Because the standard for recovery under section 350, while specific

5

to false advertising, is substantively identical to section 349, Second Circuit courts merge analysis of the two claims . . . Section 349 and 350 claims are subject to a three-year statute of limitations.").

To this end, client identity is only relevant to Defendant's statute of limitations defense to the extent the unnamed client *is* a party to the pending litigation: either the unnamed client is Ms. Osdoby (the named class representative), the unnamed client is a putative class member that will have the ability to recover from any judgment against Handi-Foil, or the unnamed client is a "potential class member" that would (if necessary) receive class notice and could seek to recover from this lawsuit. However, Mr. Kraselnik has affirmatively represented to the Court that "this claimant, due to valid statute of limitations concerns, will not be part of the class" (ECF No. 51), and, therefore, his confirmation renders the identity of the former claimant irrelevant in this case. Because Defendant has not met its initial burden in showing relevance, it is unnecessary for the Court to address the remaining factors considered under Fed. R. Civ. P. 26(b)(1). *See Mandell.*, 2007 WL 3022552, at *1.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Compel (ECF No. 50) is denied.

Dated: Central Islip, New York
December 1, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

6