## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERRYL OSDOBY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HANDI-FOIL CORP.,<br><br>    Defendant. | Case No. 2:22-cv-04199-NG-JMW<br><br>**ECF Case** |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

LAW OFFICES OF
 ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
261 Westchester Avenue
Tuckahoe, NY 10707
Tel.: (646) 342-2019
robert@kraselnik.com
*Attorney for Plaintiff and the Proposed Class*

**TABLE OF CONTENTS**

**ARGUMENT** ...........................................................................................................................1

**I.**  **Plaintiff's Class Certification Motion is Ripe for Adjudication** ...................................1

**II.** **Plaintiff Has Proven Predominance of Common Issues** ................................................1

    A.    The FTC Establishes a Classwide Definition of "Made in the USA" .....................1

    B.    Individualized Inquiries Are Not Necessary ............................................................2

    C.    No Expert Damages Testimony is Necessary to Award Relief to the Class ..........3

**III.** **Supposed Defenses to Plaintiff's Individual Claim Does Not Make It Atypical** ..........6

**IV.** **Plaintiff Has Proven Adequacy**........................................................................................7

**V.** **Plaintiff Has Class Standing to Pursue Roll Foil Claims** ............................................10

**VI.** **CONCLUSION** ................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Coca Cola Co.*, 2013 WL 7044866 (E.D.N.Y. July 18, 2013)……………………………..5

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52 (2d Cir. 2000)……………..….………8

*Belfiore v. Procter & Gamble* 2:14-cv-04090, Dkt. No. 149 (E.D.N.Y. July 1, 2014)……..…..…………6

*Brown v. Hain Celestial Grp., Inc.*, 913 F.Supp.2d 881 (N.D.Cal.2012)………………………………..10

*Butto v. Collecto Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013)……………………………………………………7

*Comcast Corp v. Behrend*, 569 U.S. 27 (2013)……………………………………………...…………5

*Dow Chem. Co. v. Seegott Holdings, Inc. (In re Urethane Antitrust Litig.)*,
   768 F.3d 1245, 1257–58 (10th Cir.2014) …………………………………………...………………….5

*Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29 (E.D.N.Y. 2008)……………………………………..10

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014)…………………………….……………...9

*In re Flag Telecom Holdings*, 574 F.3d 29 (2d Cir. 2009)…………………………………………...…8

*In re Frontier Ins. Group,* 172 F.R.D. 31 (E.D.N.Y.1997) …………………………..…………………...10

*Gary Plastic Packaging v. Merrill Lynch*, 903 F.2d 176 (2d Cir. 1990)………………….……………7

*Glatt v. Fox Searchlight Pictures*, 293 F.R.D. 516 (S.D.N.Y. 2013)……………..…………….…7

*Guido v. L'Oreal, U.S., Inc.*, Case No. CV CV 11-1067 CAS (JCx), 25 (C.D. Cal. Jul. 1, 2013)…..........4

*Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.*,
   338 F.R.D. 205 (S.D.N.Y. 2021)……………………….………………………...…..……….………8

*Lewis v. Goldsmith*, 95 F.R.D. 15 (D.N.J.1982)………………..…………………………..….10

*Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83 (E.D.N.Y. 2015)……………………………..….…7

*Pagan v. Abbott Lab'ys, Inc.*, 287 F.R.D. 139 (E.D.N.Y. 2012)…………………………………….5

*Passman v. Peloton Interactive, Inc.*,
   --- F. Supp. 3d ---, 2023 WL 3195941 (S.D.N.Y. May 2,2023)………………..……..… ………...……..4

*In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231 (E.D.N.Y. 1998)………………………………….8

*Quinn. v. Walgreen Co.*, 958 F. Supp. 2d 533 (S.D.N.Y. 2013)…………………………………………….10

*Roach v. TL Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015)……………………………………….….5

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)……………………………………….……………..3

*Sykes v. Mel S. Harris & Assocs. LLC,* 780 F.3d 70 (2d Cir. 2015)…………..…………..………...5

*In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90 (E.D.N.Y. 2012)……………………………………7

*Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)……………….……………………...……..5

**Rules**

New York General Business Law § 349....................................................................................3, 4, 5, 6

**Regulations**

16 C.F.R. 323. ...........................................................................................................................1

86 FR 37022 ...............................................................................................................................1

## ARGUMENT

### 1. PLAINTIFF'S MOTION IS RIPE FOR ADJUDICATION

Handi-Foil contends Plaintiff has not raised a triable issue of fact and that therefore the Court need not reach Plaintiff's class certification motion. Plaintiff, however, sets forth multiple triable issues of fact in her Opposition to Handi-Foil's Motion for Summary Judgment ("Pl. SJ Opp. Br.") rendering Plaintiff's class certification motion ripe for adjudication.

### II. PLAINTIFF HAS PROVEN PREDOMINANCE OF COMMON ISSUES

#### A. The FTC Establishes a Classwide Definition of "Made in the USA"

Handi-Foil claims that a class cannot be established because there is no classwide definition of "Made in the USA." Due to the inherent space limitations of a reply brief, Plaintiff respectfully refers the Court to pages 14 and 15 of Pl. SJ Opp. Br. for a discussion of how the FTC includes in its regulations a reasonable consumer's interpretation of an unqualified Made in the USA claim (16 CFR 323, 86 FR 37022) and how that definition can be imputed to all reasonable consumers. Plaintiff shares the FTC's reasonable interpretation, testifying that in her view Made in the USA means that the product is "from this country without any foreign materials used." *See* Exhibit 1, Merryl Osdoby Deposition Transcript ["Osdoby Tr."] at 25:22-26:7 (annexed to the March 21, 2024 Reply Declaration of Robert Kraselnik submitted herewith). Handi-Foil also claims different federal agencies have different definitions of Made in the USA so Plaintiff cannot rely on any classwide definition to determine whether Handi-Foil's Made in the USA claim is false. Plaintiff respectfully refers the Court to pages 18 and 19 of Pl. SJ Opp. Br. for a discussion of the FTC's controlling authority in the realm of Made in the USA claims on product labels for purposes of consumer disclosure.

Handi-Foil contends that because "Plaintiff herself has never read the FTC rule" she cannot establish the FTC's definition of Made in the USA for the class. Again, however, the FTC defines a reasonable understanding of an unqualified Made in the USA claim. This commonsense understanding is imputed to consumers regardless of whether the consumer has read the regulation, and Handi-Foil has cited no cases holding that a consumer must be cognizant of an applicable labeling regulation, let alone intimately familiar with its technical specifications, in order to bring a consumer fraud claim. Accordingly, the FTC definition would – and is designed to – apply to all consumers regardless of whether they have read the regulation.

### B. Individualized Inquiries are Not Necessary

Handi-Foil claims that the class cannot be certified because individualized inquiries predominate regarding whether each class member was actually injured by purchasing a product that may have incorporated foreign material. This argument is meritless, as every Handi-Foil product at issue in this litigation is made of aluminum, and all aluminum production requires bauxite, which Handi-Foil concedes it cannot source in the United States. Therefore, all Handi-Foil's products violate the FTC standard. Additionally, every Handi-Foil product at issue in this litigation bears an unqualified Made in the USA claim. This case is ideal for class treatment because it involves one unmistakable claim emblazoned on all the subject products. Further, those products all derive from an undisputedly foreign raw material.

Finally, as Handi-Foil cannot substantiate its Made in the USA claim, the claim is deceptive pursuant to the FTC. *See* Pl. SJ Opp. Br. at 8. Without a certification of domestic versus foreign content in the aluminum coil that Handi-Foil purchases from its domestic suppliers, and with a conceded knowledge that bauxite is not available in the United States, Handi-Foil did not possess a reasonable basis to substantiate its Made in the USA claim, rendering it deceptive. Accordingly,

Handi-Foil's contention that each product must be analyzed to determine foreign content is wrong, because as long as Handi-Foil cannot substantiate its claim, the product cannot bear an unqualified Made in the USA, and the claim is deceptive.

Individualized inquiries, then, are not necessary, as the challenged claim is uniform, all the subject products utilize foreign-sourced raw material and Handi-Foil cannot substantiate its claim. Even if there were minor variances between the products plaintiff purchased and other subject products, this would not defeat typicality. "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993).

### C. A Calculation of Actual Damages is Not Necessary to Award Relief to the Class

Handi-Foil contends that Plaintiff has not proven actual damages and that therefore the class should not be certified. In making this argument, Handi-Foil attempts to hide behind the purported need for a highly complicated, usually unattainable mathematical abstraction to avoid accountability for its deceptive Made in the USA claim. Companies, however, should be held accountable for patently false, unsubstantiated claims that violate the applicable federal statute, without recourse to absconding behind a purported need for complex mathematical abstractions. If those abstractions are required, then it is the consumer that is left with no recourse. Accordingly, Plaintiff has withdrawn Dr. Donald May's expert report and will exclusively seek the minimum $50 statutory damages award under New York General Business Law § 349(h) ("NYGBL § 349(h)"). *See* February 22, 2024 Affidavit of Robert L. Kraselnik at Pars. 3 and 4, submitted with Pl. SJ Opp. Br. Neither an actual damages calculation nor any expert damages testimony is necessary for class certification. As discussed in Pl. SJ Opp. Br. at pp 22-24, this

approach was adopted by a California federal court that analyzed the predominance requirement for class certification and found that neither expert damages testimony nor individualized damages inquiries were necessary to award relief to the New York class under NYGBL § 349(h) because Plaintiffs elected to pursue the $50 statutory minimum. *See Guido v. L'Oreal, U.S., Inc.,* Case No. CV CV 11-1067 CAS (JCx), 25 (C.D. Cal. Jul. 1, 2013).

      Plaintiff respectfully submits that the Court should adopt this approach, so that a consumer who has been victimized by a company's deception and who seeks recourse under New York's consumer fraud statute does not have to derive a complicated mathematical formula, such as hedonic regression or a conjoint analysis, to represent themselves and a class of New York consumers. The *L'Oreal* Court utilized the simplicity of NYGBL § 349, which awards a minimum of $50 upon a finding that plaintiff suffered injury. As plaintiffs sought only the minimum statutory damages for the New York class, the court dispensed with the need for expert damages testimony. *Id.* Here, too, Plaintiff will seek only the minimum $50 statutory damages under NYGBL § 349(h) and withdraws her expert report. *See* February 22, 2024 Declaration of Robert L. Kraselnik, Pars. 3 and 4, submitted with Pl. SJ Opp. Br.

      Handi-Foils cites no case from this District holding that a calculation of actual damages is required to obtain statutory damages. Instead, it only cites one case from the Southern District of New York, *Passman v. Peloton Interactive, Inc.*, --- F. Supp. 3d ---, 2023 WL 3195941, at *26 (S.D.N.Y. May 2, 2023). In a footnote in that case, the court stated that "Sections 349 and 350 require the Court to compare Named Plaintiffs' actual damages to the statutory award." The footnote goes on: "Even if the Court were to conclude that it need not determine the actual damages suffered by the putative class members, common questions would not predominate over individual ones because Named Plaintiffs would still have to demonstrate injury and causation."

4

The footnote then cites to two holdings from this District -- A*ckerman v. Coca Cola Co.*, 2013 WL 7044866, at *20 n.32 (E.D.N.Y. July 18, 2013) and *Pagan v. Abbott Lab'ys, Inc.*, 287 F.R.D. 139, 149 (E.D.N.Y. 2012) -- neither of which require that actual damages be calculated to recover statutory damages under NYGBL § 349(h). Instead, these two opinions both hold that a plaintiff need only prove causation and injury, meaning that the class members have been injured or harmed in the same way. Thus, these Eastern District of New York holdings support the proposition that actual damage calculations are not necessary to recover the minimum NYGBL § 349(h) statutory damages. All that is required is a showing that all class members were injured as a result of the deceptive claim.

This accords with the law of the Second Circuit, which holds that even if a need exists for a specific damages determination, individualized damages determinations do not preclude class certification. *See Roach* v. *TL Cannon Corp.,* 778 F.3d 401, 408 (2d Cir. 2015). ("[I]ndividualized damages determinations alone cannot preclude certification under Rule 23(b)(3)") "The Supreme Court has explicitly determined that it is 'clear that individualized monetary claims belong in Rule 23(b)(3).'" *Sykes v. Mel S. Harris & Assocs. LLC,* 780 F.3d 70, 82 (2d Cir. 2015) citing *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The Second Circuit in *Roach* held that under the Supreme Court's ruling in *Comcast Corp v. Behrend*, 569 U.S. 27, 33-34 (2013) a damages methodology is *not* required for class certification. *Roach* at 408 citing *Dow Chem. Co. v. Seegott Holdings, Inc.* (*In re Urethane Antitrust Litig.*), 768 F.3d 1245, 1257–58 (10th Cir.2014) ("*Comcast* did not rest on the ability to measure damages on a class-wide basis."); *In re Deepwater Horizon*, 739 F.3d 790, 817 (5th Cir. 2014) (rejecting, post-Comcast, the argument "that certification under Rule 23(b)(3) requires a reliable, common methodology for measuring classwide damages").

Thus, any argument that a damages model, let alone a damages calculation, is necessary for a class to be certified should fail, as this is not the opinion of the Second Circuit.

Accordingly, the lack of some sort of mathematical formula determining premium differences that isolate the value of one characteristic across multiple products is not necessary and does not bar consumers from seeking redress when a company has deceived them under NYGBL § 349. Otherwise, individuals with relatively modest claims would be unable to take on large corporations to remedy their unfair practices. Plaintiff must simply show classwide injury and causation. Plaintiff testified that she paid more for Handi-Foil products because they claimed to be Made in the USA. *See* Exhibit 1, Osdoby Tr. at 185:2-19. The injury and causation occurred here because Handi-Foil's products are not what they claim to be. They are not Made in the USA pursuant to the applicable federal statute. *See, e.g., Belfiore v. Procter & Gamble* 2:14-cv-04090, Dkt. No. 149, p. 69 (E.D.N.Y. July 1, 2014) ("Here, first, if Freshmates are found to be not 'flushable,' then all consumers were injured. This question predominates.") An actual damages methodology or calculation is not required for a class to recover the minimum NYGBL § 349(h) $50 minimum statutory damages.

### III. Supposed Defenses to Plaintiff's Individual Claim Do Not Make It Atypical

Handi-Foil contends that Plaintiff's claims are atypical because Plaintiff only purchased Handi-Foil products purported to be made from 100% recycled aluminum. Handi-Foil's "defense" here is that recycled aluminum is recycled in America, and that therefore recycled aluminum is sourced in America. Preliminarily, this argument fails because the recycled aluminum could not have come into existence without bauxite. Moreover, Handi-Foil has admitted that it cannot control the availability of recycled aluminum in the marketplace, nor does it know the precise amount of recycled aluminum used in the coils sold to Handi-Foil. Plaintiff respectfully refers the

6

Court to Pl. SJ Opp Br. at pages 10 and 11 for a full discussion of why Handi-Foil's argument regarding recycled aluminum fails.  The claims, then, are all the same.  But even if they were not, "complete symmetry between the class representative's claims and those of the absent class members" is not required.  *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 105 (E.D.N.Y. 2012).  "A named plaintiff's claims need not be identical to those of the proposed class members; so long as the named plaintiff's claims share the same essential characteristics as that of the proposed class, typicality will be satisfied, even where there are 'minor variations in the fact patterns underlying individual claims.'" *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 99-100 (E.D.N.Y. 2015) quoting *Glatt v. Fox Searchlight Pictures*, 293 F.R.D. 516, 537 (S.D.N.Y. 2013).

"[T]he existence of defenses unique to the named plaintiff may preclude class certification only if the unique defenses 'threaten to become the focus of the litigation.'" *Butto v. Collecto Inc.*, 290 F.R.D. 372, 384 (E.D.N.Y. 2013) citing *Gary Plastic Packaging v. Merrill Lynch*, 903 F.2d 176, 180 (2d Cir. 1990)).  As the issues here are the same regarding whether the aluminum in Handi-Foil's products is foreign-sourced -- including the aluminum in the purportedly 100% recycled pans -- there *is* no unique defense.  Even if there were, this defense would hardly "threaten to become the focus of the litigation."  Accordingly, Handi-Foil's purported defense regarding the use of recycled aluminum does not make Plaintiff's claim atypical.

## IV.  Plaintiff Has Proven Adequacy

Handi-Foil resorts to attacking the Plaintiff by: (1) disparaging the Plaintiff's knowledge of the case and the veracity of her discovery responses, and (2) inventing a conflict of interest.

Plaintiff has more than the requisite knowledge of this matter necessary to serve as class representative.  For example, Handi-Foil's counsel neglects to mention that at Plaintiff's deposition he actually produced five rocks, set them before Plaintiff, and asked her which of them was bauxite.

7

Plaintiff selected the correct rock. *See* Exhibit 1, Osdoby Tr. at 306:2-311-19.  Even if there were some gaps in knowledge, the Second Circuit generally disfavors "attacks on the adequacy of a class representative based on the representative's ignorance." *In re Flag Telecom Holdings*, 574 F.3d 29 (2d Cir. 2009) quoting *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 61 (2d Cir. 2000).  Here, Plaintiff is well-informed about the case, including both the underlying facts and the procedural aspects of the litigation.  "[D]enial of class certification on the grounds of inadequacy should only occur in the most extreme instances." *Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.,* 338 F.R.D. 205, 212 (S.D.N.Y. 2021).  "Courts do not require the representative plaintiff to be the best of all possible plaintiffs or to be especially knowledgeable, intelligent, or possessing a detailed understanding of the legal or factual basis on which a class action can be maintained." *In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231 (E.D.N.Y. 1998)).  Handi-Foil has not shown anything to warrant denial of class certification on the grounds that Plaintiff does not have sufficient knowledge of the case.

Handi-Foil claims that Plaintiff provided discovery responses inconsistent with her deposition testimony.  For example, Handi-Foil claims Plaintiff provided a response to a document request "stating that she was not enrolled in 'any reward, club, membership, or similar card[] or program[]' at the stores where she purchased Handi-Foil products," even though she "admit[ed] that she has a Shop Rite Price Plus® Club card)."  *See* Handi-Foil's Opposition to Plaintiff's Motion for Class Certification at 23.  Plaintiff did not "state" what Handi-Foil alleges she states.  Instead, she responded "none" to a request for documents regarding "any reward, club, membership, or similar card[] or program[]."  Additionally, Plaintiff did not admit that she has a ShopRite Price Plus Card as Handi-Foil represents.  She testified that she is a member of the program, not that she possesses a physical card.  *See* Exhibit 1, Osdoby Tr at 19:7-13.  Moreover,

8

Handi-Foil's counsel fails to reference the email from Plaintiff's counsel explaining Plaintiff's response. That email states:

> Preliminarily, the request seeks documents. Ms. Osdoby does not have a physical ShopRite Price Plus Card. She may have had one a long time ago, but she does not now. On the rare occasions she uses her ShopRite Price Plus Card account, she simply provides her phone number. She has no documents in her possession sufficient to identify her ShopRite Price Plus Card account and therefore her "none" response was accurate

6/14/23 email from Robert Kraselnik to Michael Glick. Plaintiff's ShopRite Price Plus account reflects no Handi-Foil transactions because she rarely uses the account, as she finds the account provides discounts only on particular, random items. Therefore, if she does not want those items, there is no need to use the card. There are no reward benefits to using the card if she does not want the specific items offered. *See* March 21, 2024 Reply Declaration of Merryl Osdoby at Par. 4, submitted herewith ("Osdoby Reply Decl.") All of this was explained to Handi-Foil's counsel in the 6/14/23 email as well. Handi-Foil goes on to make an issue out of the fact that Plaintiff has no receipts. However, receipts for common supermarket items are not necessary to bring a class action. To require receipts "would render class actions against producers almost impossible to bring." *Ebin v. Kangadis Food* Inc., 297 F.R.D. 561, 571 (S.D.N.Y. 2014).

There is insufficient space in this reply to explain each of the purported inconsistencies Handi-Foil alleges to be a problem. The above example demonstrates how Handi-Foil is willing to bend and mischaracterize testimony in order to attribute a sinister motive to it. Handi-Foil has raised nothing that should prevent Plaintiff from serving as class representative, including how the case was initiated or that Plaintiff, through counsel, has sent five other demand letters regarding Made in the USA. Plaintiff has filed no complaints other than this one. Plaintiff understands that if there is any recovery her portion will be determined by the Court. *See* Osdoby Reply Decl. at

9

Par. 5. Along these lines, Handi-Foil repeatedly mentions throughout its briefing that Plaintiff's counsel is her brother-in-law. However, "there is no per se rule against relatives of class counsel serving as class representatives." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29 (E.D.N.Y. 2008) citing *In re Frontier Ins. Group,* 172 F.R.D. 31, 44 (E.D.N.Y.1997) and *Lewis v. Goldsmith*, 95 F.R.D. 15, 20 (D.N.J.1982) (finding no impropriety where any benefit from fee award was indirect at best). In *Dupler,* where the class representative was the sister of a lawyer associated with the firm bringing the class action, the court held:

> [A]ny potential conflict, as it relates to her non-financial relationship with her brother… is too attenuated and speculative to preclude Ms. Dupler from being a class representative and [the Court] concludes that Ms. Dupler will adequately represent the Class. In sum, the Court finds no grounds exist to find Ms. Dupler cannot adequately represent the Proposed Class.

*Dupler* at 42. Likewise, Handi-Foil's insinuation that Plaintiff and her counsel will share any attorneys' fees is pure speculation (and false). Accordingly, Plaintiff has established adequacy.

### V. Plaintiff Has Class Standing to Pursue Roll Foil Claims

It is not necessary that Plaintiff purchase every product in this litigation, so long as the products are substantially similar. The majority of courts that have considered the issue "hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Quinn. v. Walgreen Co.,* 958 F. Supp. 2d 533, 541 (S.D.N.Y. 2013)) quoting *Brown v. Hain Celestial Grp., Inc.,* 913 F.Supp.2d 881, 889 (N.D.Cal.2012). Aluminum roll foil and disposable aluminum foil pans are substantially similar -- they are both are aluminum foil products used for storage of food. Accordingly, Plaintiff has class standing to pursue roll foil claims.

### CONCLUSION

For these reasons, Plaintiff's Motion for Class Certification should be granted.

10

|  |  |  |
|---|---|---|
| March 21, 2024 | By: | /s/ Robert L. Kraselnik |

                                              LAW OFFICES OF
                                              ROBERT L. KRASELNIK, PLLC
                                              261 Westchester Avenue
                                              Tuckahoe, NY 10707
                                              (646) 342-2019
                                              robert@kraselnik.com
                                              *Attorney for Plaintiff and the Proposed Class*