# Law Offices of Robert L. Kraselnik, PLLC
261 Westchester Avenue
Tuckahoe, NY 10707
Tel: 646-342-2019

robert@kraselnik.com                                                                                          allan@kraselnik.com

March 14, 2025

**<u>Via ECF</u>**
Hon. Nina Gershon, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          **Re:**    *Osdoby v. Handi-Foil Corp., No. 2:22-cv-04199-NG-JMW (E.D.N.Y.)*

Dear Judge Gershon:

      We write on behalf of Plaintiff Merryl Osdoby ("Plaintiff") in connection with Defendant Handi-Foil Corp.'s ("Handi-Foil's") Reply Regarding its Notice of Supplemental Authority. *See* ECF No. 104 ("Reply"). While Plaintiff does not agree with many contentions in the Reply, we write solely to address a significant misstatement of the record and corresponding incorrect legal arguments raised for the first time in the Reply.

      In its Reply, Handi-Foil claims: "Plaintiff's response also invokes -- for the first time in nearly three years of litigation -- the notion that she was injured by virtue of alleged detrimental reliance." Reply at 3. That is false. Preliminarily, detrimental reliance for purposes of NY GBL §§ 349 and 350 is not the same as detrimental reliance under the common law:

> Where . . . "the consumer protection statute at issue [NY GBL §§ 349 and 350] supplies an objective test," . . . liability turns on what a reasonable consumer, not a particular consumer, would do." *Sharpe v. A&W Concentrate Co*., 2021 WL 3721392 at *4 (E.D.N.Y. July 23, 2021) (quoting *Ackerman v. Coca-Cola Co.*, 2013 WL 7044866, at *10 (E.D.N.Y. July 18, 2013)). Because the test is objective and turns upon the reasonable consumer, "reliance is not at issue, [and] the individual reason for purchasing a product becomes irrelevant and subsumed under the reasonable consumer standard, i.e., whether the deception could likely have misled someone, and not, whether it in fact did." *Hasemann v. Gerber Prods. Co*., 331 F.R.D. 239, 266 (E.D.N.Y. 2019) (stating

>> proposition in context of considering theory of injury that putative class members paid a price premium).

*Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 100 (S.D.N.Y. 2022). Accordingly, under NY GBL §§ 349 and 350 Plaintiff does not have to prove that she in particular relied on Handi-Foil's Made in the USA claim to her detriment, only that a reasonable consumer would have been misled by the deception. *Id.* Plaintiff's Opposition to Handi-Foil's summary judgment motion includes argument concerning how the FTC considers a violation of the Made in the USA rule to cause injury to the reasonable consumer and how the FTC's Made in the USA rule provides the relevant standard for the Court to determine whether Handi-Foil violated NY GBL §§ 349 and 350. *See* ECF No. 88 at 14-20.

From the inception of this case, Plaintiff has argued that she relied to her detriment on Handi-Foil's Made in the USA claim. Specifically, she has argued throughout that she bought Handi-Foil aluminum pans because they claimed to be Made in the USA and that she received a product of lesser value because the aluminum in the pans -- which comprises the entire pan -- was imported. Plaintiff specifically raised this argument in her Opposition to the very summary judgment motion that Handi-Foil's supplemental authority purportedly supports:

>> In a California case regarding a Made in the USA claim, the court articulated why consumers would have suffered actual injury if an item that claimed to be Made in the USA was not:
>>
>>> Plaintiffs selected Kwikset's locksets to purchase in part because they were "Made in U.S.A."… they value what they actually received less than either the money they parted with or working locksets that actually were made in the United States. They bargained for locksets that were made in the United States; they got ones that were not.
>>>
>>> *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 329, 332 (Cal. 2011). *See, also, Colgan v. Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663, 689 (Cal. Ct. App. 2006) ("There are many Americans who feel that American-made articles are of higher quality, and who rely on the 'Made in U.S.A.' label").
>>
>> This is the case here.

*See* ECF No. 88 at 20-22. Plaintiff is arguing here that she did not receive what she bargained for – i.e., that if the product was not Made in the USA as claimed, then she suffered actual injury because she received something of lesser value than she paid. Plaintiff has argued detrimental reliance for purposes of the NY GBL throughout the case, and Handi-Foil is misleading the Court by claiming Plaintiff is only raising detrimental reliance now.

10845475.2

Handi-Foil then doubles down on this misstatement, asserting that detrimental reliance would preclude class certification because it would involve a case-by-case, individualized determination. *See* Reply at 3, fn 1 *citing Small v. Lorillard Tobacco Co., Inc.,* 252 A.D.2d 1, 8, 12 (N.Y. App. Div. 1998) aff'd, 720 N.E.2d 892 (N.Y. 1999) and *Ark. Teachers Ret. Sys. v. Goldman Sachs Grp., Inc.,* 879 F.3d 474, 483-84 (2d Cir. 2018). This new argument fails because *Lorillard* and *Ark Teachers* are both distinguishable. *Lorillard* involved nicotine addiction thereby necessitating an individualized inquiry to determine the level of each claimant's addiction. The *Lorillard* Court held: "Even though they seek compensation only for economic losses as consumers, not personal injury damages, plaintiffs have not eliminated the very individualized issue of whether each was nicotine dependent." *Lorillard*, 252 A.D.2d *6. And *Ark. Teachers* was a securities class action involving an examination of whether the defendant could establish that the alleged misrepresentation did not actually affect the market price of the stock in an action brought under the inflation-maintenance theory. The complexities and nuances of *Ark. Teachers* are wholly inapposite to a straightforward consumer fraud case involving whether disposable pans that claim to be Made in the USA actually are. A case-by-case determination on reliance is not necessary in the case of a false Made in the USA claim.

In her deposition, Plaintiff testified as to her knowledge that there are cheaper comparators in the market, and that she believed Handi-Foil pans were more expensive because they were supposedly Made in the USA. See ECF No. 103 at 3. Plaintiff explicitly named a competing, cheaper, non-Made in the USA product, Chef Elect (which is referenced in the Amended Complaint), in response to a question regarding which competitor products she was considering when she purchased the more expensive "Made in USA" Handi-Foil pans. *See* Osdoby Deposition Transcript at 28-29, ECF Nos. 68-1, 77-1. Therefore, Plaintiff testified that she saw the cheaper, non-Made in the USA Chef Elect product in real time as she made her Handi-Foil purchases. Handi-Foil, however, claims that absent an expert, Plaintiff cannot establish that she paid a price premium. This is incorrect, as confirmed by the case Handi-Foil cited – *In re AMLA Litig.*, 328 F.R.D. 127 (S.D.N.Y. 2018). *In re AMLA* stands for the proposition that expert testimony is *not* a requirement to prove a price premium. There, the Court held that in certain situations an expert is needed for "isolation of confounding variables" where there are many features that might be attractive to purchasers, particularly when the impact of the deceptive labeling is unclear or speculative, as in "all-natural" juice claims. *Id*. at 138. Comparing juices involves many differing characteristics including nutrient content, color, flavor, etc. Adding to those variables is the amorphous nature of an "all-natural" claim (which has no statutory definition unlike "Made in the USA") and it is understandable why the court would require an expert to prove a price premium. However, the *In re AMLA* Court also held that an expert is *not* necessary to determine a price premium where the matter is straightforward, such as when a box was advertised to include five widgets but contained only four. *Id.* Here, the matter is straightforward as the *only* distinguishing feature on disposable aluminum pans sitting side-by-side on the shelf is that one pan says Made in USA in giant letters with an American flag and the other says Made in China in small letters. Other than that, the pans essentially look identical and there is nothing a reasonable (non-metallurgist) consumer would detect to be

10845475.2

different. This is much different from juice drinks, whose color, consistency, flavor, nutrient value, etc. would look different upon a glance at the juice and the label. The entire Handi-Foil pan is made of aluminum, and if the aluminum is imported, then the singular differentiating characteristic between Handi-Foil and its cheaper, non-Made in the USA competitors – that it is comprised of higher-quality American aluminum -- is a fiction. In this situation, "[s]urely a lay jury is competent, without expert assistance, to conclude that the consumer has been bilked." *Id.*

Significantly, the *In re AMLA* Court goes on to express that *an expert is not needed* to measure classwide damages under the NY GBL Sections 349 and 350:

> L'Oreal argues that plaintiffs have failed to produce a reliable methodology to measure classwide damages because the only evidence of the total number of New York purchases is Colin Weir's untimely expert declaration. The Court notes that the damages methodology proposed by plaintiffs - multiplying the number of New York purchases of the product by $50 - is quite reliable, since NYGBL § 349 provides for statutory damages. That is sufficient to "establish[ ] that damages are *capable* of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 35, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013) (emphasis added).

*In re AMLA Litig.,* 328 F.R.D. 127, 136 (S.D.N.Y. 2018) (internal citation omitted). This is the argument Plaintiff has made in this case – i.e., an expert is not required to measure classwide damages under the NY GBL Sections 349 and 350. *See* ECF No. 97 at 3-6.

Moreover, within the section in its Reply on detrimental reliance, Handi-Foil contends that Plaintiff "fails to offer any actual evidence that she relied on Handi-Foil's representation to her detriment—such as the price she paid relative to a relevant comparator product—nor that she failed to receive the full value of her purchase." *See* Reply at 3. In fact, as discussed, Plaintiff provided evidence in her deposition and declaration testimony that she paid more for Handi-Foil pans than other, cheaper pans. Plaintiff also presented evidence of Handi-Foil's CEO urgently pushing his people to get expanded Made in the USA marketing and labeling in front of consumers, with the logical inference being that claim boosted sales by adding perceived value to the product. *See* ECF No. 88 at 14-15. Similarly, in *Fishon v. Peloton Interactive, Inc.*, 620 F. Supp. 3d 80, 103 (S.D.N.Y. 2022) citing *Eidelman v. Sun Prods. Corp.*, 2022 WL 1929250 (summary order) the court noted:

> "On the basis of evidence of internal communications 'implying that [d]efendants could charge a higher price because of the allegedly misleading claim… and reflecting that [d]efendants assigned considerable value to the claim that they allegedly used in a deceptive manner,' the *Eidelman* court held that 'a reasonable jury could conclude that some of the price premium which

10845475.2

> Eidelman paid was attributable to [d]efendant's alleged deception and Eidelman was therefore injured within the meaning of §§ 349 and 350'".

*Peloton*, 620 F. Supp. 3d at 103. That is the case here, where a reasonable jury could conclude that Handi-Foil's urgent push to add the greatly expanded Made in the USA claim to its products reflected that Handi-Foil assigned considerable value to the claim and that some of the price premium that Plaintiff paid was attributable to that claim. In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Throughout this case, Handi-Foil has struggled to create technicalities where none exist. There is no doubt that there are cheaper pans not labeled Made in the USA available to consumers, and Plaintiff specifically referenced one that was present when she paid more for the Handi-Foil pans. She also testified that she paid more for the Handi-Foil pans because they claimed to be Made in the USA. *See* Osdoby Deposition Transcript at 29, ECF Nos. 68-1. Handi-Foil oddly calls this testimony "self-serving" when in fact it is simply a reasonable consumer's straightforward experience in the supermarket. *See* Reply at 1.

Despite the abundance of price premium evidence in the record, should the Court find that Plaintiff did not prove a price premium, then detrimental reliance would provide the Plaintiff another path to show actual injury.

The Court should disregard Handi-Foil's misstatements of the record and law raised for the first time in Handi-Foil's Reply.

Respectfully submitted,

/s/ Robert L. Kraselnik
Robert L. Kraselnik
*Counsel for Plaintiff and the Proposed Class*

cc:   All counsel via ECF

10845475.2