UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MERRYL OSDOBY, on behalf of herself
and others similarly situated,

          Plaintiff,

Case No.: 2:22-cv-04199-NG-JMW

v.

HANDI-FOIL CORP.

          Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MARCH 24, 2025
NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY**

Defendant Handi-Foil Corp. ("Handi-Foil") has again submitted "supplemental authority" in support of its pending summary judgment motion. This most recent proffer, *Reyes v. Upfield US Inc.*, 2025 WL 786656 (S.D.N.Y. Mar. 12, 2025) [*See* ECF No. 106], constitutes the third time since summary judgment briefing closed that Handi-Foil has presented a case involving a subjective consumer fraud claim that, unlike the instant action, is not regulated by federal statute.

In *Reyes*, the plaintiff claimed "Made with Almond Oil" signified that almond oil was a majority ingredient in butter-spreads. *Reyes*, 2025 WL 786656 at *4 ("Although Plaintiff admitted that the Product contained 'some amount of almond oil,' she testified that she believed the product should have contained 'mostly almond [oil]' or 'more almond than other oil.'"). The subjectivity of such a claim is self-evident. Many consumers would simply take the claim to mean there was at least some almond oil in the butter-spread, which there was. The court agreed, quoting *Bustamante v. KIND, LLC,* 100 F.4th 419 (2d Cir. 2024), the first of the three cases submitted by

Handi-Foil as supplemental authority [*See* ECF. No. 100] to emphasize the point: "[W]ithout evidence of a reasonable consumer's understanding of 'All Natural,' plaintiffs cannot succeed on their claims at summary judgment." *Reyes* at *11 quoting *Bustamante,* 100 F. 4th at 434. Unlike the claims in *Reyes*, *Bustamante* and the third case submitted by Handi-Foil as supplemental authority -- *Brockington v. Dollar Gen. Corp.,* 2025 WL 486173 (S.D.N.Y. Feb. 13, 2025)) [*See* ECF No 102] -- Made in the USA claims are governed by a controlling federal regulation that not was only defines "Made in the USA" but also sets forth a reasonable consumer's understanding of an unqualified "Made in the USA" claim developed after years of analysis of consumer perceptions regarding "Made in the USA." *See* 16 CFR 323, 86 FR 37022.[1]

The claims in the three cases submitted as supplemental authority by Handi-Foil involve no controlling federal regulation or defined reasonable consumer expectation. In *Bustamante*, the Court noted that even the named plaintiffs had divergent expectations regarding the subject claim:

> [P]laintiffs' deposition testimony… fails to create a triable issue of fact. Plaintiffs' testimony, even taken collectively, does not establish an objective definition of how a reasonable consumer acting reasonably understands the term "All Natural." To the contrary, it establishes how divergent consumers' expectations can be. For example, one plaintiff testified that she expected "All Natural" to mean not synthetic. Another plaintiff testified that she expected "All Natural" to mean that the product was made from whole grains, nuts, and fruit. Yet another explained her belief that "All Natural" meant that the ingredients were literally plucked from the ground. Notably, several plaintiffs testified that consumers could have different understandings about the implications of the term "All Natural," that

---

[1] "The FTC's authority to regulate U.S. origin claims derives from Section 5 of the Federal Trade Commission Act ('FTC Act'), 15 U.S.C. § 45…." *See* FTC, "Complying with the Made in USA Standard," at 22 (Dec. 1998), available at https://www.ftc.gov/system/files/documents/plain-language/bus03-complying-made-usa-standard.pdf. Plaintiff's Summary Judgment Opposition Brief discusses: 1) the FTC's controlling authority in the realm of Made in the USA claims on product labels for purposes of consumer disclosure, and 2) how the FTC's Made in the USA Labeling Rule includes a reasonable consumer's interpretation of an unqualified Made in the USA claim and how that interpretation can be imputed to all reasonable consumers. *See* Pl. SJ Opp. Br. [ECF No. 88] at 14-15,18-19.

> these understandings could change over time, and that not everyone would agree with their particular understanding of that term. Plaintiffs fail to explain how a trier of fact could apply these shifting definitions to reach a conclusion as to whether the use of the term "All Natural" on KIND product labels was deceptive.

*Bustamante v. Kind, LLC*, 100 F.4th 419 at 433. This key distinguishing factor is not present here. Further, in applying the NY GBL to a Made in the USA claim, the Court should look to the controlling FTC regulations and to the FTC's interpretation of those regulations to determine whether a deceptive act or practice has been committed under the NY GBL. GBL Section 349 expressly refers to the FTC, and provides as a defense to a GBL Section 349 claim compliance with an applicable FTC rule, regulation or statute "as such rules, regulations or statutes *are interpreted by the federal trade commission…*" (emphasis added). Precedent established under the FTC Act is persuasive authority when determining deceptiveness under section 349. *See Genesco Entertainment, a Div. of Lymutt Indus Inc. v. Koch*, 593 F.Supp.743,752 (S.D.N.Y.1984) ("Section349(h) is substantially modeled on the Federal Trade Commission Act. Hence, in interpreting the phrase 'deceptive practices,' the New York courts have in large measure relied on the Federal Trade Commission Act's definition of such practices.").

In neither *Reyes, Brockington* nor *Bustamante* did the plaintiffs' evidence support "any cohesive definition of what a reasonable consumer would expect" from the subject claim. *See* e.g., *Bustamante v. Kind*, LLC, 100 F.4th 419 at 432. On the contrary, in order to make an unqualified Made in the USA claim, the FTC expressly requires that "all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States." 16 CFR Part 323.2. The FTC explains in its July 2021 codification of the Made in the USA Labeling Rule that the "'all or virtually all' standard accurately represents current consumer perception regarding unqualified Made in the USA claims"

and that "consumer perception testing has consistently shown consumers expect products labeled as Made in the USA to contain no more than a *de minimis* amount of foreign content." 16 CFR 323, 86 FR 37022.

The other case submitted by Handi-Foil as supplemental authority, *Brockington v. Dollar General Corp.*, 2025 WL 486173 (S.D.N.Y. February 13, 2025), involved "Honey Graham Crackers" and whether various representations on the front labels of the product, including the claim "Made with Real Honey" and a picture of a dripping honey dipper, gave consumers the impression that the product contains whole grain graham flour and honey as its primary grain and sweetening ingredient instead of enriched flour and sugar. This is another matter involving no controlling federal regulation, let alone one that includes an explicit definition of what a reasonable consumer would understand the subject claim to mean.

*Brockington*, *Bustamante* and now *Reyes* all involve highly subjective claims in which reasonable consumers could interpret the claims differently and which have no controlling federal regulation defining a reasonable consumer's understanding of the claim. This fundamental distinction is at the core of why summary judgment should not be granted to Handi-Foil. There are *two* ways to show actual injury under the NY GBL. One way is to establish that a price premium was paid. The other way is to show that the plaintiff was exposed to a material deceptive act and relied on that misrepresented fact to her detriment. *See Reyes, 2025 WL 786656* at *7 quoting *Passman v. Peloton Interactive, Inc.* 671 F. Supp. 3d 417, 453 (S.D.N.Y. 2023) ("[I]njuries caused by deceptive practices may be alleged either by showing that plaintiff paid a price premium or that plaintiff 'was exposed to a material deceptive act and relied on that misrepresented fact to her detriment'"). This second approach is detrimental reliance. Handi-Foil, in its Reply Regarding Its Notice of Supplemental Authority, wrongly claimed that "Plaintiff's response also invokes for

4

the first time in nearly three years of litigation—the notion that she was injured by virtue of alleged detrimental reliance." *See* ECF No. 104 at 3.  In response, Plaintiff filed a motion for leave to file a sur-reply demonstrating the falsity of Handi-Foil's claim.  *See* ECF No. 105.  Instead of either defending its inexplicable claim or admitting its inaccuracy and retracting it, Defendant merely submitted yet another inapposite case, while tellingly trying to diminish the importance of detrimental reliance as an independent approach to establishing actual injury under NY GBL Sections 349 and 350: "[D]etrimental[al] reli[ance]…is simply another way of alleging that she paid more for Handi-Foil's products supposedly due to that statement." *See* ECF No. 106 at 4, fn 2.

      Handi-Foil continues to submit cases regarding price premium in an effort to avoid accountability for its false Made in the USA claim by claiming that the Plaintiff did not prove that she paid more for Handi-Foil pans than other, cheaper non-Made in the USA pans.  Plaintiff disputes the notion that she did not prove a price premium and respectfully submits that she has sufficiently demonstrated a price premium.[2]  Critically, however, as *Peloton* makes clear, price premium is one of two independent approaches to establishing actual injury under the NY GBL. This is why the *Peloton* Court utilizes an either/or construct while explaining that there are two

---

[2] There are several differences with respect to price premium evidence between *Reyes* and this case including: 1) Plaintiff specifically referenced Chef Elect pans at her deposition as being a cheaper option when she purchased Handi-Foil products, and Chef Elect is the comparator whose price relative to Handi-Foil is described in detail at ¶¶ 23 and 24 of the First Amended Complaint [*See* Osdoby Deposition Transcript at 28:19-29:4; 192:22-25]; 2) Plaintiff at her deposition was asked how much she "generally" paid for Handi-Foil products. She responded, "I'm guessing about $8" and noted that there are multiple sizes and that each size is a different price [*See* Osdoby Deposition Transcript, 28:8-14]. The example in the Amended Complaint is $8.99, which is not far off as a general response, particularly when she purchased multiple sizes with different prices [*See* First Amended Complaint at ¶ 25]; and 3) Plaintiff presented evidence of Handi-Foil's CEO urgently pushing his people to get expanded Made in the USA marketing and labeling in front of consumers, with the logical inference being that the claim boosted sales by adding perceived value to the product. *See* ECF No. 88 at 14-15.

5

ways to show actual injury under the NY GBL. *See Reyes*, 2025 WL 786656 at *7 quoting *Peloton*, 671 F. Supp. 3d at 453. ("[I]njuries caused by deceptive practices may be alleged *either* by showing that plaintiff paid a price premium *or* that plaintiff 'was exposed to a material deceptive act and relied on that misrepresented fact to her detriment'") (emphasis added).

Removing all doubt that price premium and detrimental reliance are two independent approaches to proving actual injury is the statement by the *Reyes* Court that the plaintiff *only attempted to prove the price premium theory of actual injury*: "One method of demonstrating actual injury in the consumable goods context -- and the only method Plaintiff has opted to use here -- is by showing that plaintiff paid a price premium...." *See Reyes*, 2025 WL 786656 at *7 (internal quotations and citations omitted). Even if the Court finds that the Plaintiff did not prove a price premium, she has established detrimental reliance, which for purposes of a GBL claim means that the "plaintiff is directly injured when she pays a higher price than she otherwise would have paid based on her belief in the fact that is misrepresented." *Peloton*, 671 F. Supp. 3d at 453 citing *Rodriguez v. Hanesbrands Inc.*, 2018 WL 2078116, at *4-5 (E.D.N.Y. Feb. 20, 2018), report and recommendation adopted, 2018 WL 1686105 (E.D.N.Y. Mar. 30, 2018)). This is exactly what Plaintiff testified to in her deposition. She testified that she thought Handi-Foil pans were more expensive because of their Made in the USA claim, which to her meant higher quality:

> Q.   Do you have any understanding as to why [Handi-Foil pans] are more expensive?
> A.   'Cause it's made in the USA supposedly. That's why figured it would have been more pricey.
>
> Q.   Is quality a factor that you consider in choosing between brands?
>
> A.   Well, if it's made in the US, I assume the quality is better, yeah.
>
> Q.   So you do consider quality, correct?

>   A.  If it's made in the US, yeah, I assume the quality's better.

*See*, Osdoby Deposition Transcript at 185:7-19.  She testified that she bought the pans because they claimed to be Made in the USA:

>   Q.  And why among those different brands, why did you choose Handi-foil?
>
>   A.  'Cause it says "Made in the US."
>
>   Q.  Any other reasons?
>
>   A.  Not really.
>
>   Q.  Why did you care about made in the US?
>
>   A.  Because if I have the opportunity, I'd rather buy a product made in the US.
>
>   Q.  Why is that?
>
>   A.  Because I want to support the American economy and because I think we have higher standards here.

*Id.* at 29:10-23.  She further testified that she would not pay more for a pan that says Made in America if it is not:

>   Q.  Is there anything that would cause you or convince you to buy Handi-foil products again?
>
>   A.  I wouldn't have a problem with them if they changed the deceptive labeling.  And I'm not going to pay more for a pan that says "made in America" when it isn't.

*Id* at 421:17-24.  This testimony establishes that Plaintiff paid a higher price than she otherwise would have for Handi-Foil pans based on her belief in the Made in the USA claim.

The detrimental reliance approach to proving actual injury under NY GBL Sections 349 and 350 requires not an individualized showing that a plaintiff's reliance was reasonable, but instead a basis to establish that a reasonable consumer acting reasonably could be misled by the

7

claim. *See Bustamante,* 100 F.4th at 426. ("Deception is governed by the reasonable consumer standard."); ("[T]his inquiry is objective: a deceptive act is one 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"); *De Lacour v. Colgate-Palmolive Co.,* 16-CV-8364 (KMW), 8 (S.D.N.Y. Jan. 3, 2024) quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521-22 (2d Cir. 2000). In other words, Plaintiff must show that she paid a higher price due to her belief in a fact that was misrepresented -- and then must show that a reasonable consumer acting reasonably would share that belief. This is the point where *Reyes, Bustamante and Brockington* all fail to support Handi-Foil's summary judgment motion because the plaintiffs in those cases could not establish that a reasonable consumer acting reasonably would have been misled by the claim, precisely what the FTC has determined happens when a Made in the USA claim is false. Therefore, Plaintiff has shown that a reasonable consumer, acting reasonably under the circumstances, would be deceived by Handi-Foil's Made in the USA claim, as she was. Plaintiff has done this by relying on an objective, regulatory definition of "Made in the USA" to demonstrate a reasonable consumer's understanding of the term, which a plaintiff may do. *Cf. De Lacour*, 16-CV-8364 (KMW), 12-13 citing *In re KIND LLC "Healthy and All Natural" Litig*., 627 F.Supp.3d 269, 282 (S.D.N.Y. 2022):

> In addition to the fact that there is no governmental guidance regarding the use of "natural" labeling on personal care products, and because governmental attempts to define "natural" on food products have not resulted in a consistent definition of "natural," Plaintiffs cannot rely on governmental guidance to establish a reasonable consumer's understanding of "natural." *See In re Kind*, 627 F.Supp.3d at 284 (noting that plaintiffs could not rely on an objective, regulatory definition of "All Natural" to demonstrate a reasonable consumer's understanding of the term, in part, because no such definition existed).

*De Lacour*, 16-CV-8364 (KMW), 12-13 citing *In re KIND LLC* "Healthy and All Natural" Litig., 627 F.Supp.3d 269, 282 (S.D.N.Y. 2022).

Handi-Foil -- even if it could somehow invalidate the FTC's analysis -- completely failed to produce any evidence refuting the FTC's thoroughly-investigated conclusion that a reasonable consumer would expect an unqualified Made in the USA claim to mean that "all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States," and there is no reason for the Court not to utilize the FTC's commonsense interpretation, which Plaintiff shares:

> Q. Ms. Osdoby, what in your view does "made in the USA" mean?
>
> A. It means the entire product was made here.
>
> Q. What do you mean by "entire product"?
>
> A. The foil was made here. The pan was shaped here. Whatever the process is. It's from this country without any foreign materials used.

*See*, Osdoby Deposition Transcript at 25:22-25; 26:1-10; 16 CFR 323, 86 FR 37022.

Handi-Foil must be able to substantiate its Made in the USA claim:

> [O]bjective claims carry with them the implication that they are supported by valid evidence. It is deceptive, therefore, to make a claim unless, at the time the claim is made, the marketer possesses and relies upon a reasonable basis substantiating the claim. Thus, a Made in USA claim, like any other objective advertising claim, must be truthful and substantiated.

*See* FTC, "Complying with the Made in USA Standard," at 22 (Dec. 1998), available at https://www.ftc.gov/system/files/documents/plain-language/bus03-complying-made-usa-standard.pdf (internal references omitted). If Handi-Foil cannot substantiate that all or virtually all of the aluminum in its pans is made and sourced in the United States -- which it has not and

9

cannot for the reasons discussed in Plaintiff's Summary Judgment Opposition Brief -- then a reasonable consumer has been deceived and thus injured. *See* ECF No. 88.

All three cases Handi-Foil presented as supplemental authority involve fact patterns missing the key component present here – an objective, regulatory definition of when the subject claim can be made, and particularly a statutory definition from a federal agency explicitly referenced in NY GBL 349. Here, a jury could determine that a reasonable consumer would think "Made in the USA" signifies that "all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States," because the controlling federal regulation articulates that that is what a reasonable consumer thinks it means. If Handi-Foil's pans do not meet that definition, then a reasonable consumer would have been injured, regardless of whether a price premium was proven.

As outlined in Plaintiff's Summary Judgment Opposition Brief [*See* ECF No. 88], Plaintiff's Local Rule 56.1 Counterstatement of Material Facts [*See* ECF No. 89] and in the Memorandum of Law in Support of Plaintiffs Motion for Class Certification [See ECF No. 93], Plaintiff has presented numerous facts which, if inferences are taken against the movant as they must be, lead to the conclusion that Handi-Foil had no reasonable basis substantiating its Made in the USA claim. Accordingly, the Court should deny summary judgment and disregard Handi-Foil's most recent inapposite holding.

April 1, 2025          By:   /s/ Robert L. Kraselnik
                             LAW OFFICES OF
                              ROBERT L. KRASELNIK, PLLC
                             261 Westchester Avenue
                             Tuckahoe, NY 10707
                             (646) 342-2019
                             robert@kraselnik.com
                             *Attorney for Plaintiff and the Proposed Clas*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2025, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system.

/s/ *Robert L. Kraselnik*
Robert L. Kraselnik