FILED
CLERK

11/25/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MERRYL OSDOBY, individually and on
behalf of all others similarly situated,

                               *Plaintiff*,

                   -against-


HANDI-FOIL CORP.,

                              *Defendant*.
-------------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

22-CV-04199 (NG) (JMW)

**A P P E A R A N C E S:**

    Robert L. Kraselnik
    **Law Offices of Robert L. Kraselnik, PLLC**
    261 Westchester Avenue
    Tuckahoe, NY 10707
    *Attorneys for Plaintiff*

    Michael A. Glick
    **Kirkland & Ellis LLP**
    1301 Pennsylvania Avenue, N.W.
    Washington, DC 20004
    *Attorneys for Defendant*

**WICKS**, Magistrate Judge:

    Plaintiff Merryl Osdoby ("Plaintiff"), individually and on behalf of others similarly situated commenced this case as a putative class[1] action against Defendant Handi-Foil Corp. ("Defendant" and collectively the "Parties") alleging claims under New York General Business Law ("GBL") §§ 349-50, seeking monetary relief for the alleged misleading/deceptive business

---

[1] Plaintiff's proposed class consists of: "[a]ll persons who purchased the Products in New York State during the applicable limitations period primarily for personal, family, or household purposes, and not for resale." (ECF No. 23 at ¶ 34.)

1

practices and false advertising based upon Defendant's mislabeling of its aluminum foil products as made in the USA. (*See generally*, ECF No. 23.) The Court "So-Ordered" the Parties' Confidentiality Stipulation back on January 23, 2023. (ECF No. 25.) Now before the Court, by way of referral from the Hon. Nina Gershon, is the Parties' joint application to file under seal or in redacted form, documents filed in connection with Defendant's summary judgment motion and Plaintiff's class certification motion (ECF No. 61).[2] (*See* Electronic Order dated 11/24/2025.) For the reasons that follow, the Motion to Seal (ECF No. 61) is **DENIED**.

## LEGAL FRAMEWORK

The public right of access is deeply embedded in our Country's history. Indeed, that concept existed well before the right appeared in our Constitution. "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution. That right includes 'a general right to inspect and copy' such judicial documents." *Mirlis v. Greer,* 952 F.3d 51, 58-59 (2d Cir. 2020) (internal citations omitted).

It is by now axiomatic that there is a presumption of public access to judicial documents and records. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, No. 24-CV-07058 (SJB) (JMW), 2025 WL 1384157, at *1 (E.D.N.Y. May 13, 2025) (same). Whether right of access to court proceedings and records is overcome, "depends on the nature of the

---

[2] While the Parties' sealing application states "certain documents" in connection with their motions for summary judgment and class certification, they list the entirety of their motion papers, accompanying declarations and exhibits.

proceeding, not on the personal characteristics of the litigant." *Hartford Courant Co., LLC v. Carroll,* 986 F.3d 211, 219 (2d Cir. 2021). It matters not that the parties among themselves agree to have documents sealed. Rather, the public's interest and right to judicial access is as much at stake. *See Lask v. Fallon*, No. 24-CV-04751 (JMW), 2025 WL 1920366, at *2 (E.D.N.Y. July 11, 2025).

This right of access, however, is not absolute as a party may move to seal judicial records. Yet motions to seal must be "'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *see Lugosch*, 435 F.3d at 119. Indeed, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

The Second Circuit in *Lugosch* adopted a three-part analysis to help guide the district courts when determining whether documents filed in a case can and should be placed under seal. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *2; *see Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in

3

the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). *Second*, the Court must weigh the presumption of access attached to the documents in question. *See id.* (citing *Lugosch*, 435 F.3d. at 119–120). And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See id.* (citing *Lugosch*, 435 F.3d. at 120); *see also Zou v. Han*, No. 23-CV-02370 (JMA) (JMW), 2024 WL 1704704, at *3 (E.D.N.Y. Apr. 19, 2024) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (The question of whether documents are sealed is ultimately left to the sound discretion of the district court, which should "be exercised in light of the relevant facts and circumstances of the particular case.")). "Higher values that may justify redactions include 'the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure,' as well as '[f]inancial records ..., family affairs, illnesses, [and] embarrassing conduct with no public ramifications.'" *United States v. Greenwood*, 145 F.4th 248, 256 (2d Cir. 2025) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

## DISCUSSION

The facts presented here are considered in light of each of the *Lugosch* factors addressed below.

### I.   *Whether the Documents are "Judicial Documents"*

"A judicial document is not simply a document filed with the court, but one that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Cantinieri v. Versick Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (quoting *Lugosch*, 435 F.3d at 115) (citation omitted).

> As our precedent makes clear, a court "perform[s] the judicial function" not only when it rules on motions currently before it, but also when properly exercising its

4

> inherent "supervisory powers." A document is thus "relevant to the performance of the judicial function" if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision. Accordingly, if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches.

*Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

As such, judicial documents that are tantamount to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See Amodeo*, 71 F.3d at 1049–50.

Generally, summary judgment motions have been deemed a judicial document. *See e.g., Alcon Vision, LLC v. Lens.com*, No. 18-CV-407, 2020 WL 3791865, at *6 (E.D.N.Y. July 7, 2020) ("strong presumption of access that attaches to documents filed in connection with a dispositive motion"); *Bernstein*, 814 F.3d at 142 (quoting *Joy v. North,* 692 F.2d 880, 894 (2d Cir. 1982) ("we have determined that a report submitted to a court in connection with a summary-judgment motion is entitled to a strong presumption of access")); *Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*, No. 22-CV-03803 (JLR), 2024 WL 1657763, at *6 (S.D.N.Y. Apr. 17, 2024) (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023) ("the [summary judgment] documents that Plaintiff seeks to seal unquestionably are 'judicial document[s] ... to which the presumption of public access attaches'")); *see also Brown*, 929 F.3d at 50 (requiring "compelling" reasons to seal documents filed "in connection with dispositive motions such as motions for dismissal or summary judgment"); *Cantinieri*, 2024 WL 759317, at *3 (quoting *Bernsten*, 307 F. Supp. 3d at 166–67) (quoting *Lugosch*, 435 F.3d at 126) ("[j]ust as with documents submitted in connection with a Motion for Summary Judgment, … 'are judicial

5

documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'").

Likewise, motion papers and the documents thereto relating to class certification are considered judicial documents. *See McKoy v. Trump Corp.*, No. 18-CV-9936 (LGS), 2024 WL 449979, at *1 (S.D.N.Y. Feb. 6, 2024) ("[E]xhibits related to motions for class certification are judicial documents because they are relevant to the judicial function."); *Tropical Sails Corp. v. Yext, Inc.*, No. 14-CV-7582 (JFK), 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016) ("The exhibits supporting a motion for, or opposition to, class certification would certainly be relevant to the judicial function and useful to the judicial process … Accordingly, the 15 exhibits filed in support of a motion for class certification are judicial documents.")

Here, the Parties seek that (i) memoranda, declarations, exhibits and 56.1 statements for the summary judgment motion (ECF Nos. 62-71), and (ii) the class certification motion papers with any accompanying exhibits be sealed or redacted (ECF Nos. 75-80, 82-84). (ECF No. 61 at 1-2.) Given the above, these documents are unquestionably judicial documents. Nor do the Parties dispute that the documents within the application are judicial documents but rather focus on the remaining portions of *Lugosch* test. (*See* ECF No. 61.) As such, the Court next considers whether there is a presumption of access associated with the documents and whether there are any countervailing concerns. *See Lugosch*, 435 F.3d at 119.

## II. *Presumption of Access Associated with the Documents*

Judicial documents are presumptively subject to public inspection. *Amodeo*, 71 F.3d at 1047. "The presumption of public access exists along a continuum." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022). "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,'… and is weaker where the 'documents play only a negligible role in the performance of Article III duties[.]'" *Id.* (citing *Amodeo*, 71 F.3d at

6

1049-50). Indeed, where documents "directly affect an adjudication," or are used to determine the substantive rights of the parties, the presumption of access is "at its zenith" and can only be overcome by extreme circumstances. *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024). With that, the presumption to public access here is strong. *See Olson*, 29 F.4th at 90 (2d Cir. 2022) (citing *Brown*, 929 F.3d at 50) ("Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."); *see also Savage v. Sutherland Glob. Servs., Inc.*, No. 19-CV-06840 (EAW), 2025 WL 1224346, at *2 (W.D.N.Y. Apr. 28, 2025) (collecting cases) ("Documents submitted in connection with a motion for class certification are judicial records to which a strong presumption of access applies.")

Accordingly, the presumption of access to the documents requested to be sealed are "at its zenith" and the Court must now analyze whether any countervailing concerns overcome such a high presumption of accessibility to justify the requested documents being filed under seal. *See Greater Miami Baseball Club Ltd. P'Ship. v. Selig*, 955 F. Supp. 37, 39 (S.D.N.Y. 1997) ("Only where countervailing considerations of privacy are sufficient to overcome the presumption may the [parties] be denied access to such documents.")

### III. *Countervailing Concerns to Overcome the Presumption*

To overcome the presumption of public access, the party seeking to seal bears the burden of showing that countervailing, "substantial interests" outweigh the presumption. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Substantial interests generally include "a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Id.* at 647. When analyzing whether countervailing concerns, like privacy interests, outweigh the presumption of access, courts should consider the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of

injury that may result from disclosure, and the reliability of such information. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *3 (citing *Amodeo*, 71 F.3d at 1050-51). When these factors "outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024) (citation omitted). Importantly, as the presumption of public access is high in connection to dispositive motions, the Second Circuit has directed the district courts to conduct a "particularized review" when determining if the "public access outweighs any countervailing privacy interests." *Brown*, 929 F.3d at 49-51.

Here, the general countervailing concerns such as privacy interests, public safety or preservation of attorney-client privilege are not addressed with any degree of particularity apart from the request to redact Plaintiff's email address. Rather, the Parties offer that if the information is disclosed publicly, "Handi-Foil would experience financial harm and competitive disadvantage," and "Plaintiff believes [certain import information] may bear on sensitive competitive sourcing information." (ECF No. 61 at 3.)

> It is well established that considerations of privacy or a business's proprietary information, such as trade secrets or confidential research can override the public right of access to judicial documents. However, the Second Circuit has cautioned that [i]n most cases, a judge must carefully and skeptically review sealing requests to [e]nsure that there really is an extraordinary circumstance or compelling need.

*Lavin v. Virgin Galactic Holdings, Inc.*, No. 21-CV-3070 (ARR) (TAM), 2025 WL 1031060, at *2 (E.D.N.Y. Apr. 2, 2025) (internal citations and quotations omitted).

While there are many decisions that grant sealing motions in part (and some entirely)[3] to protect financial information and sensitive business information, the Parties here have failed to

---

[3] *See e.g., Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, No. 24-CV-4805 (RA), 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) ("Accordingly, the Court finds that sealing of Respondent's financial information is justified and grants Respondent's motion to redact its financial information");

make a *particularized* showing of compelling reasons why any documents should be redacted and/or filed under seal. *See Martin v. Astrue*, No. 09-CV-01833 (MRK) (WIG), 2010 WL 1644514, at *1 (D. Conn. Apr. 20, 2010) (denying seal motion) ("The critical issue in this case is whether Plaintiff has made a particularized showing through clear and compelling reasons why specific portions of his Memorandum should be redacted and filed under seal."); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 12-CV-00196 (BKS)(ATB), 2017 WL 9400673, at *5 (N.D.N.Y. Jan. 6, 2017) (denying seal motion) ("Further, the parties have not identified, with particularity, why these documents should be sealed or the harms likely from disclosure."); *Alexander v. Azar*, 396 F. Supp. 3d 242, 253 (D. Conn. 2019) ("Plaintiffs' do not attempt to make a 'particularized showing' as to the need to seal the Mercy Hospital deposition or exhibits, and Mercy Hospital did not accept the invitation to attempt to make such a showing on its own behalf."); s*ee also Savage*, 2025 WL 1224346, at *2 ("Surprisingly, even though the prior motion to seal was denied for failure to provide sufficient support for the request, Sutherland's motion continues to fail to meet the basic requirements for sealing these documents.")  The perfunctory recitation of the standard along with generalized statements are not enough to shiled records from public view. String citing cases and outlining the general propositions simply does not satisfy the heavy burden. Without justification or compelling reasons linking the list of documents to be filed under seal – which appear to be majority of both motions (summary judgment and class certification) – the Court concludes that the documents should not be sealed.

---

*Nock v. Spring Energy RRH, LLC*, No. 23-CV-1042 (JHR) (RWL), 2025 WL 487307, at *1 (S.D.N.Y. Feb. 13, 2025) (collecting cases) ("the Court finds that that information is either private and personal information subject to redaction pursuant to the Federal Rules of Civil Procedure, or business-related information that is sufficiently sensitive and tangential to the motion so as to outweigh the presumption to public access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510–11 (S.D.N.Y. 2015) (granting redactions and sealing of specific business information and personal financial information).

See *McDay v. Eckert*, No. 20-CV-233 (JLS)(JJM), 2025 WL 2115475, at *1 (W.D.N.Y. July 29, 2025) (citing *Lugosch*, 435 F.3d at 121) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.")

And, although the Parties cite to their Confidentiality Stipulation and Order (ECF No. 25) for what the parties deemed may be designated as confidential, "[a] designation of a document as confidential under a protective order, by itself, is not sufficient to permanently seal a document." *Renois v. WVMF Funding, LLC*, No. 20-CV-9281 (LTS) (VF), 2025 WL 863714, at *1 (S.D.N.Y. Mar. 19, 2025) (collecting cases). More is needed, but more is absent here.

Accordingly, since the parties have not overcome the presumption of public access, and the Motion to Seal is denied. *See Rapaport v. Barstool Sports, Inc.*, No. 18-CV-8783 (NRB), 2020 WL 1082608, at *2 (S.D.N.Y. Mar. 2, 2020) ("plaintiffs have failed to rebut the strong presumption of public access accorded….")

## **CONCLUSION**

Based upon the foregoing, the parties' Joint Motion to Seal (ECF No. 61) is **DENIED**.

Dated: Central Islip, New York
November 25, 2025

**S O   O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge