# Law Offices of Robert L. Kraselnik, PLLC

261 Westchester Avenue
Tuckahoe, NY 10707
Tel: 646-342-2019

---

robert@kraselnik.com                                                                                    allan@kraselnik.com

November 26, 2025

**Via ECF**
Hon. Nina Gershon, U.S.D.J.
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Osdoby v. Handi-Foil Corp., No. 2:22-cv-04199-NG-JMW (E.D.N.Y.)*

Dear Judge Gershon:

      We represent the plaintiff, Merryl Osdoby ('Plaintiff'), in this matter against defendant Handi-Foil Corp. ("Defendant"). We write regarding three issues raised at the November 17, 2025 oral argument on Plaintiff's class certification motion (ECF No. 75) and Defendant's summary judgment motion (ECF No. 62): 1) establishing actual injury, 2) establishing actual damages to compare with statutory damages, and 3) whether unpurchased products can be part of the claim.

      Preliminarily, Plaintiff notes that during oral argument, Defendant made a slide presentation to the Court, which included cases not referenced in any of the motions. At the conclusion of the argument, Defendant asked whether it could submit this material to the Court. Your Honor asked whether Plaintiff had any objection. In seeking to get to the right answer in this case, Plaintiff had no objection. In that vein, Plaintiff is submitting this letter now.

      During oral argument, the Court asked how Plaintiff could show actual injury in this case. The Court noted that unlike in California, where the deception alone could establish the actual injury, in New York a more exact approach would be necessary, namely a way to show how a price premium could be calculated. Plaintiff respectfully submits to the Court that that model is in the record. In support of her motion for class certification, Plaintiff submitted, in declaration form, the Expert Report of Donald M. May, Ph.D., CPA, dated July 28, 2023 (ECF No. 94) ("May Report")". Subsequently, Plaintiff came to believe that the NY GBL statutory penalty along with the Plaintiff's deposition testimony and declaration stating that she paid a premium would be enough to demonstrate actual injury and withdrew the May Report. The concept of

isolating the monetary value of a particular characteristic seemed unnecessarily complicated to Plaintiff when a simple statutory framework to determine damages existed under New York law, particularly where Defendant's own internal communications demonstrated that the company ascribed value to the Made in the USA representation. However, to the extent a premium calculation is necessary to show actual injury in New York, Plaintiff respectfully asks that the Court consider the May Report, which includes a model showing how a hedonic regression would be utilized to determine a price premium in this case. Additionally, Plaintiff respectfully requests that the Court rule on Defendant's Motion to Exclude Plaintiff's Expert Donald May (ECF No. 72). Ideally, Plaintiff would like the opportunity to oppose this motion (even though the deadline has passed), but if it is too late to do that, Plaintiff requests that the Court rule on the motion, even though unopposed, because the caselaw militates so strongly against excluding Dr. May that the motion can be denied without opposition.

     In the oral argument, Defendant contended that Dr. May's report is insufficient and that is why he was withdrawn. This is entirely incorrect, and courts have held that a hedonic regression model is sufficient to show actual injury and certify a class *See, Kurtz v. Kimberly-Clark Corp.,* 321 F.R.D. 482, 508-20 (E.D.N.Y. 2017) (collecting cases). Accordingly, Plaintiff respectfully requests that the Court consider the May Report.

     To be clear, we are not asking the Court to allow Plaintiff to seek out an expert and prepare an expert report now. We are only asking the Court to recognize an expert report that is already in the record and that was submitted with the pending class certification motion. Handi-Foil's summary judgment motion and opposition to Plaintiff's class certification motion took into account Dr. May's report and deposition testimony (*See*, ECF No. 74, Letter from Handi-Foil's counsel to Court confirming that Handi-Foil's Motion for Summary Judgment and Opposition to Plaintiff's Motion for Class Certification were both "drafted and served prior to Plaintiff's withdrawal of Dr. May.") The Court's recognition of this expert's declaration will not prejudice Handi-Foil in any way, as none of the motions have been decided. Moreover, Plaintiff respectfully submits that even with no opposition to Defendant's motion to exclude Dr. May, that motion should be denied as this is far from the type of situation where expert testimony is properly excluded (such as those involving improper leading questions in a consumer survey or "junk science"). As discussed, the proposed hedonic regression model is widely accepted and sufficient, and because that model is already in the record, Plaintiff asks the Court to consider it in determining whether the Plaintiff can meet the actual injury element of the claim. This would also enable the court to impose statutory damages, as they could be compared to the actual damages. (This issue was raised in Handi-Foil's slide presentation during oral argument). Thus, recognizing Dr. May's expert testimony, which is already in the record, would resolve two potential issues with respect to the pending motions: (1) the establishment of actual injury, and (2) the calculation of actual damages to compare to the NYGBL's statutory damages, if the Court finds this necessary.

     Finally, with respect to the Court's question regarding whether unpurchased products can be part of the claim, Plaintiff respectfully refers the Court to *Buonasera v. Honest Co., Inc.,* 208

10845475.2

F. Supp.3d 555, 563 (S.D.N.Y. 2016) ("Although the unpurchased products may contain different ingredients compared to the purchased products, ...the Court finds that the [] Complaint adequately alleges that the misrepresentation claimed with respect to the unpurchased products is sufficiently similar to the misrepresentation for the Purchased products."). Like *Buonasera*, the type of deception and harm here are consistent across all Handi-Foil disposable aluminum products labeled and marketed as Made in the USA. *Also see*, *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 277 (E.D.N.Y. 2021) (finding standing as to unpurchased products because they "possessed the same allegedly deceptive misrepresentation.")

        We thank Your Honor for considering this matter.

        Respectfully submitted,

        /s/ Robert L. Kraselnik

        Robert L. Kraselnik

cc:    All counsel via ECF

10845475.2